## Levi Woodbury,

### vs.

## John Dorman.

The rule, as to the re-argument of cases in this court laid down in *Derby & Day vs. Gallup*, 5 *Minn.* 140, followed.

After the decision of the appeal in this case, (see preceding opinion,) the defendant made a motion for a re-argument.

Gordon E. Cole, for the motion.

Brown & Peck, against the motion.

*By the Court*—Berry, J.—In this case, which was heard and determined at the last July term, the defendant moves for a re-argument. The plaintiff having been brought into court upon an order to show cause, counsel were heard upon the motion for a re-argument, and at the same time were permitted, for convenience, to present their views as upon a re-argument of the case. This was done, however, without waiver of the plaintiff's objections, and with the understanding, that if the court should be of opinion that no sufficient cause was shown for a re-argument, it would be unnecessary to go further, so far as this case is concerned. Without entering into details, we deem it sufficient to say,

that we do not perceive how the re-argument can be allowed under the rule laid down in *Derby & Day vs. Gallup*, 5 *Minn.* 140, and followed in *Fish vs. Heinlin*, 8 *Minn.* 540. Taking the points presented upon the re-argument, which was permitted under protest, as the grounds upon which it is claimed that the case should be re-examined, we are compelled to say, that there is nothing in them which we conceive to be substantial or important, which was not urged and considered upon the original argument and examination of the case. The rule governing applications for re-argument, above referred to, has so far as our information extends, been generally acquiesced in and observed in this court. We think it a wholesome rule, and perceive no sufficient reason for excepting this case from its operation. See also *Brown vs. Aspden*, 14 *How.* (*U. S.*) 26; 1 *Black*, 488; *Mount vs. Mitchell*, 32 *N. Y.* 702; *Kent vs. Waters*, 18 *Md.* 73; *Johns vs. Johns*, 20 *Md.* 59. The majority of this court as it was constituted at the time of the original hearing, and decision of this case, after much discussion and deliberation, came to conclusions (myself dissenting) which led to the affirmance of the judgment. Since the decision was filed, the author of the majority opinion has been succeeded by the present chief justice. Were the court now constituted as it was when the decision was rendered, there is not the slightest reason to suppose that the decision would be changed. So that if a re-argument were now allowed, and the former decision reversed, this result would follow, not from a conviction upon the part of the members of the court by which the case was originally heard and determined, that the decision was erroneous, nor from the consideration of reasons and arguments not before advanced and considered, but solely from the change in the composition of the court. Under such circumstances, a relaxation of the ordi-

nary rules governing applications for re-argument, would seem
to be peculiarly ill-timed.   It would, in our opinion, be a
violation of proprieties in the administration of justice,
which it is the duty of a court to maintain, and would tend
to destroy that respect for, and confidence in judicial tri-
bunals, the loss of which every good citizen would deplore.
See remarks of Chancellor Walworth in *The People vs. The
Mayor and Aldermen of New York*, 25 *Wend.* 254.   The ·
application for the re-argument must therefore be denied.
To prevent any misapprehension of the effect of the denial,
the chief justice and myself deem it proper to say, however,
that with the highest respect for the able and learned chief
justice who pronounced the prevailing opinion in. this case,
as well as for our brother McMillan, who concurred with
him, we believe the decision to be erroneous, in respect to
the validity of the mortgage.   And in view of the disastrous
consequences which in our opinion may result from what
we conceive to be a mistaken rule of real property, we deem
it proper to add, that we should not feel bound, in any future
case which might come before the court, to follow the de-
cision, but should feel at entire liberty to re-examine the
question involved as *res nova*, and to overrule the decision,
if our present views should remain unchanged.