## OTIS AYER,

### *vs.*

## GEORGE W. STEWART, *et al.*

Where a question is *res adjudicata*, it will not be reviewed upon a second appeal in the same action, unless a state of facts exists which would justify a re-argument.

The rule as to re-argument, laid down in *Woodbury v. Dorman*, 15 *Minn.* 341, followed and applied.

Appeal by plaintiff from a judgment of the district court for Le Sueur county in favor of defendants.    This case was formerly in this court (14 *Minn.* 97), and as questions of practice only are considered in this appeal, which are stated in the opinion, no further statement is necessary.

SMITH & GILMAN for Appellant.

SWAN & BANGS for Respondents.

*By the Court*—McMILLAN, J.—This action was brought in the district court for Le Sueur county, by the plaintiff as holder of a second mortgage, to recover the surplus money paid over to the successor in interest of the mortgagor upon

the foreclosure of the prior mortgage, and to enforce his lien thereon. The cause was referred by the court (his honor Judge Wilkin presiding) to Sherman Finch, Esq., to try and determine the issues therein and report a judgment. The referee reported a judgment for the plaintiff; whereupon the defendant upon a case settled moved to set aside the report of the referee and for a new trial, which was granted by the court, and the plaintiff appealed from such order to this court  Upon argument in this court the order of the district court was affirmed and the cause remitted to the district court.  When the cause came on for a new trial, by the agreement of counsel it was submitted to the court upon the testimony taken before the referee upon the former trial as set forth in the case settled and printed upon the appeal to this court above mentioned. The second trial resulted in a finding and judgment by the district court for the defendant. The plaintiff now appeals from the judgment to this court

The present appeal presents the same questions, both of fact and law, involved in and fully determined by the decision in the former one.  Both appeals are taken in the same action and no change of parties has transpired; the questions presented upon the appeal are, therefore, *res adjudicata*, and unless the former decision is reviewed must be decisive of this case.  This will not be done, certainly, unless a state of facts exists which would justify a re-argument of the questions determined upon the first appeal.

The questions upon the former appeal were fully presented and discussed by counsel, and deliberately considered and determined by the court, from which determination I dissented.  Since the decision in that case was rendered, his honor chief justice Wilson then presiding in this court has resigned, and the present chief justice succeeds him.

Using the language of justice Berry in *Woodbury vs. Dorman*, 15 *Minn.* 341, "Were the court now constituted as it was when the decision was rendered, there is not the slightest reason to suppose that the decision would be changed. So that if a re-argument were now allowed, and the former decision reversed, this result would follow, not from a conviction upon the part of the members of the court by which the case was originally heard and determined, that the decision was erroneous, nor from the consideration of reasons and arguments not before advanced and considered, but solely from the change in the composition of the court." Under these circumstances, it has been determined by this court that a re-argument will not be granted. *Woodbury vs. Dorman, cited ante.*

There is no reason, therefore, upon the facts in this case, which would justify us in reviewing the former decision made in this case upon the points involved in this appeal. The judgment appealed from is affirmed.