## BLANC v. BOWMAN et al.

*People ex rel. Burr v. Dana, ante* page 11, affirmed as to the extent of "the Government Reservation" in San Francisco, and its exemption from the operation of the Water Lot Act of 1851.

The fact that one of the Judges who participated in a decision of this Court concurred in by only two Judges, did not hear the oral argument, does not ren-

Blanc *v.* Bowman.

der the judgment absolutely void. It is an irregularity which may be waived by the parties.

Thus, where previous to the argument of a case the counsel on both sides agreed that one of the Judges might participate in the decision, although he should not be present at the oral argument, and that Judge, not having heard the argument, subsequently, in connection with one of the other Judges, rendered a decision: *held,* that the judgment was valid, the requirement of the statute as to the presence at the argument of the Judges making the decision, having been waived by the agreement.

This Court loses all control and jurisdiction over a case after the *remittitur* has been filed in the Court below.

A motion, therefore, to vacate a judgment on the ground that it was not rendered by the proper members of the Court, cannot be entertained after the *remittitur* has been filed below.

APPEAL from the Twelfth Judicial District.

This was an action of ejectment to recover part of a block lying between Front, Pacific, Broadway, and Davis streets in San Francisco. The plaintiff claimed title under the City of San Francisco, and the principal question involved was whether the premises were part of the " Government Reservation " mentioned in the Beach and Water Lot Act of 1851, and were as such exempted from the operation of that act. Defendants had judgment in the Court below and plaintiff appeals. The case was argued by Nathaniel Bennett for appellant, and by Hoge & Wilson for respondents, and a decision was rendered by Justice COPE—FIELD, C. J. concurring —affirming the judgment on the authority of the preceding case of *People ex rel. Burr* v. *Dana,* in which the same question was considered and determined. Judgment was entered accordingly upon which, after the lapse of ten days, a *remittitur* was issued and filed in the Court below. Subsequently a motion was made to vacate this judgment on the ground that Justice COPE had not been present at the oral argument. The facts in reference to this motion appear in the opinion.

*Nathaniel Bennett,* for the motion.

*J. P. Hoge,* contra.

Per CROCKER, J.—This is a motion by the appellant to set aside the order of this Court affirming the judgment of the Court below,

and proceedings subsequent thereto, both in this Court and the Court below.    The ground of this motion is that the judgment was rendered without the concurrence of two of the Justices of this Court who were present at and heard the oral argument of the case.    It is founded upon the affidavit of the appellant, which sets forth, substantially, that the case was orally argued before Justices FIELD and NORTON, in the absence of Justice COPE, that no other argument has been had except the filing of printed briefs ; that the case was decided by Justices FIELD and COPE, Justice NORTON taking no part in the decision; that a *remittitur* has been sent to the Court below and a judgment entered thereon, on which the defendants are about to issue execution.

Sec. 10 of the act organizing this Court provides that " the presence of two Justices shall be necessary for the transaction of business, excepting such business as may be done at chambers ; and the concurrence of two Justices who have been present at and heard the arguments shall be necessary to pronounce a judgment. If two who have been present at and heard the arguments do not concur, the case shall be reheard."

The counsel for the appellant admitted, on the argument of this motion, that the counsel for both parties agreed with Justice COPE, before the case was argued, that he might participate in the decision, although he should not hear the oral argument, and under this agreement he left for San Francisco and was not present when the case was argued and submitted.    It seems that Justice COPE had heard the argument in another case which involved the same question, and as the counsel intended to and did file elaborate briefs, there was the less necessity for his presence when this case was orally argued.

It has been repeatedly and uniformly decided by this Court that it loses all control and jurisdiction over a case after the *remittitur* has been filed in the Court below.    (*Grogan* v. *Ruckle*, 1 Cal. 194 ; *Mateer* v. *Brown*, Id. 231 ; *Leese* v. *Clark*, 20 Id. 387.) In the last case this Court says : " The Supreme Court has no appellate jurisdiction over its own judgments ; it cannot review or modify them after the case has once passed, by the issuance of the *remittitur* from its control.    The Court cannot recall the case and

reverse its decision after the *remittitur* is issued." In order, therefore, to afford parties who may desire it an opportunity of moving for a rehearing, or to amend, modify, or set aside the judgment, one of the long standing rules of this Court is, that no *remittitur* to the Court below shall issue until the expiration of ten days after the judgment is rendered, except by consent of the parties or a special order made upon notice. No excuse is shown why this application was not made within the ten days allowed by the rules of this Court, or before the Court had lost control of the case by filing the *remittitur* in the Court below.

Under all the circumstances of this case we think it clear that the appellant has waived the objection on which this motion is founded. The agreement made between the counsel and Justice COPE, and the failure to make the objection before the *remittitur* was filed in the Court below, are either of them a waiver of the objection.

The statute of New York upon this subject provides as follows: " Nor can any Judge decide or take part in the decision of any question which shall have been argued in the Court when he was not present or sitting therein as a Judge." This law is prohibitory in its terms, and yet it was held that an order " is not void for the reason that one of the three Judges who composed the Court when the decision embodied in the order was pronounced did not hear the argument of the motion." (*Corning* v. *Slosson*, 16 N. Y. 294.) We do not agree with the counsel for the appellant that the mere fact that one of the Judges who participated in a decision concurred in by only two Judges did not hear the oral argument renders the judgment absolutely void. We consider it an error or irregularity which may be waived by the parties, and that it has been done in this case.

The motion is denied.

NORTON, J.—A motion is made in this case to set aside the judgment entered in this Court, and all subsequent proceedings, upon the ground that the judgment was not pronounced by two Judges who were present at and heard the argument. The facts are that the case was argued orally before two Judges and that full

briefs were subsequently submitted to the Judges. When the case was about to be called, either on the same day or day before, one of the three Judges stated in the court room, during the time of a recess, that he was about to leave the city and should be absent when the case was called. Thereupon the counsel for the respective parties, after expressing a desire that he should hear the argument, agreed that he should participate in the decision or consideration (the precise word not being remembered) of the case, although not present at the oral argument. This Judge and one of the two who heard the oral argument concurred in the judgment. The other Judge who heard the oral argument did not concur.

It has never been considered that the statute requiring that two Judges who heard the argument should concur in pronouncing the judgment necessarily required all cases to be argued orally, but on the contrary a large portion of the cases before the Court are submitted on briefs and decided without any oral argument. This is done simply by submitting the cases on the briefs without any written stipulation of the parties.

The agreement between the counsel above mentioned was a stipulation that this case might be heard orally before two Judges and submitted to the three on briefs to be filed. There is no room for the suggestion that this agreement could be considered as providing that the third Judge should participate in consultation about the case but not participate in the decision. He was to participate in the proper disposition of the case, and that includes the pronouncing of the judgment. It would have been idle and frivolous to agree that he might merely give his advice to the other Judges. The purpose of the stipulation was obviously to meet the contingency that the two Judges who heard the oral argument might not agree.

The stipulation above referred to was not reduced to writing, but the counsel for the parties, and between whom the stipulation was made, now agree in open Court upon its terms so far as essential to this motion, and the moving party does not rely upon the fact that it was not reduced to writing, but merely claims that its terms did not amount to a waiver of the statutory provision that two Judges who had heard the oral argument must concur in the judgment.

We think this is not the proper effect of the stipulation, but that it authorized the three Judges to dispose of the case after the briefs should be submitted in the ordinary way of disposing of cases submitted on briefs, and that it was competent for counsel to make such a stipulation in regard to the mode of considering and deciding the case.