AYRES *v.* BENSLEY *et als.*

REHEARING.—An equal division of the Justices of the Supreme Court upon the question of granting a rehearing is a denial of the rehearing asked for.

THIS case is reported *ante*, 620.
The facts are stated in the opinion of the Court.

By the Court, SANDERSON, J.:

A judgment was rendered by us in this case at the January term, 1866, reversing the judgment of the Court below and directing a judgment to be entered in favor of the defendants. Within fifteen days thereafter the plaintiffs moved for a rehearing under the Twenty Second Rule. This motion has never been decided, because one member of the Court is disqualified and the others are equally divided in opinion. The defendants now move for an order denying the motion for a rehearing and directing that a remittitur be issued.

It sometimes happens that the Judges composing a Court are equally divided in opinion. Where such is the case, if the question be upon the reversal or affirmance of the judgment on appeal or writ of error, the judgment must be affirmed. (*The case of the Antelope*, 10 Wheaton, 66 ; *Etting* v. *Bank of the United States*, 11 Wheaton, 59.) If the division occurs on a motion in arrest of judgment, a judgment must be entered on the verdict. (*United States* v. *Warrall*, 2 Dallas, 384–8.) If on a motion for a new trial, the motion must be denied. (*United States* v. *Daniels*, 6 Wheaton, 542 ; *Cahill* v. *Binn*, 6 Binney, 99.) If on the admission of testimony, the testimony must be rejected.

The rule seems to be that where the motion is such as to make an affirmative decision indispensable to the further progress of the action, the action must stop in case of an equal division ; but where the motion is in arrest of the progress of the action, an equal division is equivalent to a denial of the motion, and the case proceeds as if the motion had not been made. (*Goddard* v. *Coffin*, Davis' Reports, 381.)

Let the petition for a rehearing be denied and a remittitur issue.

Neither Mr. Chief Justice CURREY nor Mr. Justice SHAFTER expressed any opinion.