[No. 12566. In Bank.— February 5, 1891.]

## JUAN M. LUCO, Appellant, *v.* JUAN DE TORO, Administrator, etc., Respondent.

Appeal — Equal Division of Opinion — Affirmance of Judgment. — In jurisdictions presided over by judges holding for life, or for terms so great as to make the probability of a change in the membership of the court remote, the judgment of affirmance follows an equal division of opinion, from the necessity of the case.

Id. — Effect of Affirmance. — The affirmance of the judgment in such case, though a bar to a subsequent action, does not involve the decision of any matters of law, but the judges simply agree that it is expedient to finish the litigation, and those in favor of the reversal of the judgment concur in its affirmance solely upon that ground.

Id. — Constitutional Law — Effect of Equal Division. — The state constitution requires the concurrence of four justices to pronounce judgment, and a mere failure to agree cannot have the effect, *ipso facto,* of an affirmance of the judgment.

Id. — Change of Justices — Refusal to Affirm Judgment. — A motion to affirm the judgment on account of an equal division of opinion among the justices qualified to act will be denied, where it is evident that before the time for the next term of court at which the cause can be heard several of the disagreeing judges will be succeeded by others qualified to assist in deciding the case upon its merits.

Motion to affirm a judgment of the Superior Court of San Diego County. The facts are stated in the opinion of the court.

*I. N. Thorne, H. S. Mulford, E. W. McKinstry,* and *Oliver P. Evans,* for Appellant.

*Henry M. Smith, Harry L. Titus,* and *George H. Smith,* for Respondent.

Paterson, J. — When this cause was first submitted, the judgment of the court below was affirmed, four justices concurring. One of the justices who participated in the decision was not present at the argument; but it was understood by the members of the court, at the time of the decision referred to, that counsel for both parties had stipulated at the hearing — as counsel had in nearly every other case on the calendar for the term at which this case was heard — that any justice not present at the argument might participate in the decision. Upon a representation made by counsel for appellant, after the decision, that no such stipulation had been entered into, and upon their motion, based on the ground that only three of the justices who heard the argument had participated in the decision, the judgment was set aside. Since that time, the cause has been heard and submitted several times, but no decision has been reached, owing to a change in the *personnel* of the court, and an equal division of opinion among the six justices qualified to act. At the last October term, counsel for respondent moved that the judgment be affirmed, it appearing that the justices qualified to act were equally divided in opinion.

It is admitted that a mere failure to agree cannot have the effect, *ipso facto*, of an affirmance, for the constitution requires the concurrence of four justices to pronounce judgment; but it is claimed that it then becomes the duty of the justices who voted for a reversal to unite with their associates in affirming the judgment. The reason given for this contention is an argument *ab inconvenienti*. It is said that if this rule is not followed, the case might be continued for four years, until a change in the membership in the court occurs; "and then, again, the same condition of things might still continue, and this would require a further continuance; and thus it might happen that the case would never be decided."

Many English and American authorities are cited in support of the motion, and no cases to the contrary have been found by respondent; but the decisions must be read in the light of the circumstances under which they were rendered. Some of the cases referred to went off on the authority of statutes providing that in cases of equal division among the judges the judgment should be affirmed, others upon a rule following the practice of the English courts, and the others upon the ground of expediency. The case of *Ayres* v *Bensley*, 32 Cal. 632, is hardly in point. There a *judgment* had been rendered by a constitutional quorum, and it was only on petition for rehearing that a division occurred. The rule has always been, with respect to petitions for rehearings, that as many justices as are necessary to pronounce the judgment must concur in granting a rehearing, or the petition will be denied.

In jurisdictions presided over by judges holding for life or for terms so great as to make the probability of a change in the membership of the court remote, the judgment of affirmance follows a division *ex necessitate rei.* In such a case the decree does not import a division as to the nature of the judgment, but as to the questions of law and fact involved in it. While the decree is a bar to any subsequent action for the same cause, no matters of law are decided, and it therefore possesses no dignity as a judicial precedent, but carries upon its face a badge which precludes any application of it in future under the doctrine of *stare decisis.* The judges simply agree that it is expedient to finish the litigation. It is a public expediency, and is often expedient also with respect to the interests of the parties. Supported by these considerations, and the presumption of correctness which always attaches to the judgment of the court below, it is proper and right that the judges who were in favor of a reversal should waive any insistence of opinion, and unite with their associates in an affirmance of the judg-

ment. This they do without in any way relinquishing their convictions upon the questions of law or fact involved in the case. But here there are no such considerations as induced the decisions in the cases referred to. At the time the motion was made it was evident that before the time for the next term of court at which the cause would be heard, three, at least, including the justice disqualified to act, and possibly four, of the justices would be succeeded by others on the bench. Within a month after the motion was made, and before an opinion was written, an election occurred, which resulted in the choice of three new justices, all of whom are qualified to assist in deciding the cause on its merits. Under these circumstances, we thought at the time the motion was submitted, and still think, that the cause should be presented on its merits before the court as now constituted.

The motion is therefore denied.

BEATTY, C. J., McFARLAND, J., and SHARPSTEIN, J., concurred.

HARRISON, J., DE HAVEN, J., and GAROUTTE, J., concurring.— Although we were not present at the argument of the motion, which was afterwards submitted on briefs, counsel for appellant not being present at the time the motion was made, we have considered the point made by respondent, and concur in the views expressed in the opinion of Justice Paterson.