F. W. WUNDENBERG, Receiver, *vs.* JAMES CAMPBELL.

MOTION FOR REHEARING.

HEARING, JULY 5, 1893.          DECISION, JULY 25, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A rehearing may be granted although a change has occurred in the membership of the Court since the first hearing.

A rehearing will not be granted upon a point not raised at the first hearing, or upon a point raised and not overlooked by the Court, the point being technical and not in the interests of substantial justice.

OPINION OF THE COURT, BY FREAR, J.

The plaintiff moves for a rehearing on the grounds that the Court decided the case (1) as if the plaintiff was not a receiver, or as if the defendant had asked and obtained leave of the Court to distrain, and (2) as if the question submitted was whether part of the goods distrained could be held for part of the rent, which facts and questions it is alleged were not agreed upon or submitted to the Court.

Defendant's counsel contends that a rehearing cannot properly be allowed before this Court as at present constituted, there having been a change in its membership since the former hearing. While this may be entitled to some weight as a reason why the Court should, in the exercise of its discretion, refuse a rehearing, we cannot go so far as to hold that as a matter of right a rehearing cannot be allowed in any case where the Court has become differently constituted. To so hold, might occasionally work great injustice. The Court remains the same, whatever changes may occur in its membership.

The first ground for the motion was argued by plaintiff's

counsel at the former hearing, or at least in his brief then filed, and was also passed upon by the Court in its decision in the following words: "As the submission raises the question whether Mr. Campbell was legally entitled to distrain for his rent, we do not consider that it is embarrassed by the fact that he did not apply to the Court for an order. That method would have raised the same question that is now raised." Where a point is raised at the first argument and is not overlooked by the Court in its decision, it is not, except perhaps in a very clear case of error, a proper ground upon which to base a motion for a rehearing. The question submitted was whether the defendant could legally distrain, and not whether any particular method of making the distraint was legal. This is the view the Court took and it decided that a distraint could be legally made.

As to the second ground for the motion, the Court did not hold that the goods taken from both stores could be held for the rent of one of them, but that the goods taken from one could be held for the rent of that one alone. But it is contended that the claim was not divisible, and that therefore the Court could not properly decide as it did. This point was not raised at the first hearing. In general, except where a "decision is in conflict with an express statute, or with a controlling decision to which the attention of the Court was not drawn," a "motion for reargument should be founded on papers showing clearly that some question decisive of the case, and duly submitted by counsel, has been overlooked by the Court." *Kenway vs. Notley*, 5 Haw., 129; *Payne vs. Treadwell*, 16 Cal., 247; *Dougherty vs. Henarie*, 49 Cal., 686. As already said, the first point was not overlooked by the Court. The second point was not raised by counsel. We may add that it does not clearly appear that the claim is indivisible. The amount of rent due in respect of each store is separately stated in the submission, and it is also stated that a distraint was made upon the goods in each store. There was evidently no intention to make the question of the right to distrain in one case depend upon the right to

distrain in the other. The point raised is an exceedingly technical one at best, and not in accord with the spirit of the submission, or the evident understanding of the defendant. We think it would not be in the interests of justice to grant a rehearing, and, in the exercise of our discretion, decline to do so.

*A. S. Hartwell*, for plaintiff.

*C. Brown*, for defendant.