[Sac. No. 1128.   In Bank.—April 4, 1907.]

## FRANK REEVE, Respondent, v. COLUSA GAS AND ELECTRIC COMPANY, Appellant.

SUPREME COURT—HEARING OF APPEAL—PRO TEMPORE APPOINTMENT IN PLACE OF JUSTICE UNABLE TO ACT—REHEARING GRANTED BY VOTE OF SUCH JUSTICE—LAW OF CASE.—Where a justice of the supreme court was unable by reason of illness to act upon the hearing of an appeal, and a justice of the district court of appeal, under the authority conferred by the amendment of 1904 to section 4 of article VI of the constitution, was selected to act *pro tempore* in his place, and took part in the decision of the appeal, and thereafter a petition for a rehearing was filed, upon the consideration of which it was decided by the justices of the supreme court, all being present, that the justice of that court whose place had been so temporarily filled should participate in the determination of the petition, and thereupon the petition was granted by four of the justices, including the one whose place had been so filled, the ruling of the court deciding that such justice of the supreme court, and not the justice of the district court of appeal, was the proper person to participate in the determination of the petition for a rehearing became the law of the case, on a motion to set aside the order granting the rehearing, and its correctness will not be inquired into.

MOTION to set aside an order granting a rehearing and to issue a remittitur in accordance with the judgment of the court in Bank, as heretofore made.

The facts are stated in the opinion of the court.

Garret W. McEnerney, W. B. Treadwell, Seth Wellington, J. W. Goad, and William M. Pierson, for Appellant.

Garber, Creswell & Garber, J. L. Geary, Jr., and Milton Shepardson, for Respondent.

HENSHAW, J.—The respondent moves the court to set aside an order granting a rehearing, and to issue a *remittitur* in accordance with the judgment of the court in Bank, heretofore made.

The case was first decided in Department Two upon an opinion reversing the judgment, Justices Henshaw, McFarland, and Lorigan joining in the decision. A rehearing was

granted- by the court in Bank, vacating the Department
decision. The case was then placed on the calendar for
hearing before the court in Bank. In the mean time; Justice
Sloss had become a member of the court, as successor to
Justice Van Dyke, deceased, but, having an interest in the
defendant corporation and deeming himself disqualified, he
had declined to sit in the case. At the time the case came
on for hearing in Bank, Justice McFarland was ill and
unable to be present. Under these circumstances, the court,
in order to secure a full bench for the consideration of the
case, availed itself of the provision of the amendment of
1904 to section 4 of article VI of the constitution, and, in
accordance therewith, selected from the justices of the dis-
trict court of appeal, Justice Cooper to act in place of
Justice Sloss, and Justice Harrison to act in place of Justice
McFarland. The cause was then orally argued and sub-
mitted to the court in Bank thus constituted, which, after
due consideration, affirmed the judgment of the court below
by a decision in which Justices Shaw, Angellotti, Harrison,
and Chief Justice Beatty concurred, and from which Justices
Henshaw, Lorigan, and Cooper dissented. The appellant
then filed a petition asking that this judgment be vacated,
and that the case be again heard before the court in Bank.
At the time this petition came up for determination Justice
McFarland had recovered his health and was again able to
act, and was present, ready and willing to act upon the
matter of granting or denying the rehearing. Justice Har-
rison was also present, ready and willing to act in the matter,
and offered, if the court so desired, to act thereon as a
·member of the court in Bank, to which the cause had been
argued and submitted. Thereupon it was decided by the
justices of the supreme court, all being present, that Justice
McFarland of the supreme court, and not Justice Harrison
of the district court, should participate in the determination
of the petition for rehearing, and that, as the disqualification
of Justice Sloss was of a continuing nature, Justice Cooper
should continue to act in the case in his place, by virtue of
his original selection. The court, as thus constituted, then
took up the petition for rehearing for consideration, and
it was granted by four of the justices,—namely, Justices
Henshaw, Lorigan, and McFarland of the supreme court,

and Justice Cooper of the district court. The respondent asks the court to set aside this order upon the ground that Justice McFarland should not have acted in the matter.

The constitutional provision authorizing the substitution of a justice of the district court of appeal in the place of a justice of the supreme court is as follows:—

"Whenever any justice of the supreme court is for any reason disqualified or unable to act in a cause pending before it, the remaining justices may select one of the justices of a district court of appeal to act *pro tempore* in the place of the justice so disqualified or unable to act."

The motion to vacate the order for rehearing is based on two grounds: First, that the order was improvidently made; second, that the power of Justice Harrison to act in the case continued until the judgment upon that hearing became final, or until it was vacated by the granting of a rehearing within thirty days; that until that period had elapsed his power in the case, so long as he continued qualified, ready, and willing to act, was exclusive, and hence that the order for a rehearing was void because it was made by only three justices qualified and competent to act upon the matter.

This involves an inquiry into the merits, which cannot be had. We are of opinion that the ruling of the court wherein it was decided that Justice McFarland should participate and not Justice Harrison was a formal determination which became the law of the case. Slight consideration will show the reason for the application of the rule, and that in this case, if ever in any, its invocation is most salutary. The time for rehearing has passed. If the order granting the rehearing should now be vacated no further consideration of it could be had, and yet if Justice Harrison had participated in the consideration of the rehearing, it may not be said that his judgment would have been adverse to granting it. The result would be that the litigant who obtained a rehearing would not only be denied the right to Justice McFarland's participation in the matter, but would equally be denied the right to Justice Harrison's participation. It would result, therefore, in a final judgment being given against him, notwithstanding the fact that if Justice Harrison had been allowed to participate he also might have voted for a rehearing.

For these reasons we are of the opinion that the order heretofore made must stand without inquiry into or determination of the merits of the application.

The motion to vacate is therefore denied.

McFarland, J., Lorigan, J., and Beatty, C. J., concurred.