### CORDNER v. CORDNER.

No. 5771.   Decided February 9, 1937.   (64 P. [2d] 828.)

For former opinion, see 91 Utah 466, 61 P. (2d) 601.

*Larson & Larson*, of Manti, for appellant.

*Brockbank & Pope*, of Provo, for respondent.

PER CURIAM.

The petition for rehearing in the present case does not submit any proposition or question which was not fully considered by the court in rendering its decision. While the allegations of the complaint were set out in full and considerable was said about the testimony, the decision rested finally upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

For the reason that there has been, since the case was decided, a change in the personnel of the court, the proposition is presented as to whether or not the new member of the court recently elected and who of necessity did not participate in the original decision upon the question decided should now participate upon the question of a petition for a rehearing. It is true the decision of the court was rendered by a divided court—three of the justices in favor of the decision rendered and two dissenting. After full consideration of the matter, the court as now constituted is unanimously of the opinion that the new member of the court should not participate in the consideration of the petition for a rehearing. For the new member of the court to participate would require that he consider the case on its merits and if, after considering the case, he should be compelled to disagree with the conclusion reached by a majority of the court as constituted at the time the decision was rendered, the ultimate effect would be to reverse the decision made. This question has not heretofore been squarely presented to this court. The effect of the participation of a new member of the court, where the court is evenly divided on the question after the retirement of the former member, would establish a precedent fraught with dangerous implications.

The principles underlying the proposition involved and controlling the court's conclusion as to this matter have been long and well established by the courts of other jurisdictions. In the case of Brown v. *Mathias Aspden's Administrators,* 14 How. 25, 14 L. Ed. 311, Mr. Chief Justice Taney

of the Supreme Court of the United States, made the following statement:

"And no reargument will be granted in any case, unless a member of the court who concurred in the judgment desires it; and when that is the case, it will be ordered without waiting for the application of counsel."

In the case of *Ambler* v. *Whipple,* 23 Wall. 278, 23 L. Ed. 127, Mr. Justice Miller, speaking for the Supreme Court of the United States, said:

"It is the well-settled rule of this court, to which it has steadily adhered, that no rehearing is granted unless some member of the court who concurred in the judgment, expresses a desire for it, and not then unless the proposition receives the support of a majority of the court."

In the case of *Peoples* v. *Evening News Ass'n,* 51 Mich. 11, 16 N. W. 185, 691, by a per curiam opinion, the Supreme Court of Michigan said:

"This case having been heard and decided when three judges only were sitting, and a change in the court having taken place and a further change being about to occur on the first of January, a motion is now made for a rehearing at the next January term before the full court, as it will then be constituted.

"Held, unanimously, that a rehearing will not be ordered on the ground merely that a change of members of the bench has either taken place, or is about to occur."

In the case of *People* v. *Mayor of New York,* 25 Wend. (N. Y.) 252, 35 Am. Dec. 669, Chancellor Walworth, speaking for the court, made the following remarks relating to the principle here under consideration:

"I am satisfied that if we once make a precedent of this kind, it will in time lead to great abuse; and that parties who have had judgments given against them as this was, by a divided vote, or by small majorities, will upon a change of a part of the members of the court be induced to try experiments here, for the purpose of producing a different decision of their causes by the votes of new members."

The foregoing case from New York, while not having the issue squarely before it, indicated the principle involved in this matter. In the case of *McCutcheon, Adm'r* v. *Common Council of the Village of Homer*, 43 Mich. 483, 5 N. W. 668, 38 Am. Rep. 212, an old case, the court in discussing the matter had the following to say:

"The case of Blackeby [*Detroit* v. *Blackeby*, 21 Mich. 84, 4 Am. Rep. 450] was very fully and carefully considered, and there can be no ground for supposing that either of the judges participating therein has since changed the opinion then deliberately formed and expressed. The case was decided on the concurring opinion of a majority of the court, and the decision is authoritative. There has been a change in the court since that time, but it would be mischievous in a high degree to permit the re-opening of controversies every time a new judge takes his place in the court, thereby encouraging speculation as to the probable effect of such changes upon principles previously declared and enforced in decided cases."

A number of the cases just reviewed and additional ones are cited in the case of *Gas Products Co.* v. *Rankin*, 63 Mont. 372, 207 P. 993, 24 A. L. R. 294, where the Montana court adhered to the principles announced in the foregoing cases and the court quotes the language of the Supreme Court of the United States. The case of *Gas Products Co.* v. *Rankin* is cited in support of the text supporting the principle in 3 Am. Jur. p. 349, § 805, and 4 C. J. S., Appeal and Error, p. 2041, § 1441.

The decision in *Re Thompson's Estate*, 72 Utah 17, 269 P. 103, although not squarely in point, cites with approval the case of *Gas Products Co.* v. *Rankin*, supra. There, one of the justices of this court was incapacitated by illness and a district judge was called in to sit in his stead. The decision was rendered by a divided court, the district judge voting with the majority. Before the petition for rehearing was heard the incapacitated justice had died and the vacancy filled by appointment. Three of the four justices held, without out the district judge participating, that the district judge was entitled to sit with the other members of the court, ex-

cluding the newly appointed justice, to determine the matter of rehearing. On merits, the petition for rehearing was denied by the same vote of three to two as in the original decision. The effect of that decision was the exclusion of the newly appointed justice from passing on the petition for rehearing, notwithstanding he was at the time a qualified member of this court.

The case of *Woodbury* v. *Dorman*, 15 Minn. 341 (Gil. 274), is also cited in the Thompson Case, supra, with approval. In the Minnesota case the following language, appropriate here, is used:

"The majority of this court as it was constituted at the time of the original hearing, and decision of this case, after much discussion and deliberation, came to conclusions [myself dissenting] which led to the affirmance of the judgment. Since the decision was filed, the author of the majority opinion has been succeeded by the present chief justice. Were the court not constituted as it was when the decision was rendered, there is not the slightest reason to suppose that the decision would be changed. So that if a re-argument were now allowed, and the former decision reversed, this result would follow, not from a conviction upon the part of the members of the court by which the case was originally heard and determined, that the decision was erroneous, nor from the consideration of reasons and arguments not before advanced and considered, but solely from the change in the composition of the court. Under such circumstances, a relaxation of the ordinary rules governing applications for re-argument, would seem to be peculiarly ill-timed. It would, in our opinion, be a violation of proprieties in the administration of justice, which it is the duty of a court to maintain, and would tend to destroy that respect for, and confidence in judicial tribunals, the loss of which every good citizen would deplore."

The petition for a rehearing is therefore denied.