F. W. ROHLFING, ADMINISTRATOR OF THE ESTATE OF GEORGE A. GROVER, DECEASED v. MOSES AKIONA, LTD., A HAWAII CORPORATION, AND CITY AND COUNTY OF HONOLULU, A MUNICIPAL CORPORATION.

No. 4136.

FEBRUARY 20, 1962.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.

*Per Curiam.* Preliminary to a ruling on the petition for rehearing filed in this case it is necessary for the court to consider the request of defendants-appellees that "the Court as it is presently constituted" act upon the petition.

The case was heard before Tsukiyama, C. J., Cassidy, Wirtz and Lewis, JJ., and Circuit Judge Hawkins assigned by reason of a vacancy. After the submission of

the case the vacancy was filled by the appointment of Mr. Justice Mizuha. Thereafter the opinion was filed by the court which heard the case in accordance with our usual practice, under which a judge assigned specially to a case does not lose his authority in that case merely because the reason for making the assignment has ceased to exist. 48 C.J.S., *Judges,* § 105f.

In support of their request petitioners cite *Wundenberg* v. *Campbell,* 9 Haw. 211 (1893), which held that a petition for rehearing can be allowed though the court has become differently constituted. As appears at 9 Haw. 203, the case was decided by Judd, C.J., and Bickerton and Dole, JJ. Before consideration of the petition for rehearing a vacancy created by the resignation of Dole, J., was filled. That case would be comparable to this only if a member of the court as constituted when the case was decided had ceased to hold office.

In effect, petitioners contend that upon presentation of a petition for rehearing the assignment of a circuit judge is terminated if the vacancy which caused his assignment has been filled, and that the newly appointed justice should participate in passing upon the petition for rehearing. That is not the rule. In *Gas Products Co.* v. *Rankin,* 63 Mont. 372, 207 Pac. 993, the case had been decided by four regular members of the court and a district judge sitting in place of the fifth member, who was disqualified by reason of illness and who died after the case was decided. As in the present case, two regular members of the court had dissented, so that the concurrence of the assigned judge with the other two members had made up the majority. After the vacancy was filled a petition for rehearing was filed, and it was urged that the newly appointed member should participate in passing thereon. This request was denied, the court saying:

"* * * The real effect of such a conclusion [that the

newly appointed justice should participate, and possibly reverse the previous decision], in the opinion of all the Justices, would be to establish a precedent that might have mischievous and unfortunate results. There is not the slightest reason to suppose that the opinion of any one of the members of this court who participated in the original decision would be changed if a rehearing should be granted and a reargument were allowed. And if the original decision of this court should be reversed, in the language of the Supreme Court of Minnesota, in the Case of Woodbury v. Dorman, 15 Minn. 341 (Gil. 274):

"'This result would follow, not from a conviction upon the part of the members of the court by which the case was originally heard and determined, that the decision was erroneous, nor from the consideration of reasons and arguments not before advanced and considered, but solely from the change in the composition of the court.'

"Every citizen is desirous of having our laws definitely established, and the decision of the majority of this court upon any legal proposition coming before it is the law of the state, and should not be subject to change upon the change of the personnel of the court. Rights of persons and of property would never be secure if such were the case." (63 Mont. 372, 397, 207 Pac. 993, 1000.)

Even when the court passing upon the petition for rehearing has been reconstituted (as may happen as illustrated by *Wundenberg* v. *Campbell, supra*) the usual rule is that a change in the membership of the court is not in itself sufficient reason to grant a rehearing. *Wolbol* v. *Steinhoff*, 25 Wyo. 227, 170 Pac. 381; 5 C.J.S., *Appeal and Error*, § 1412, cited by petitioners.

The request that the petition for rehearing be passed

upon by "the Court as it is presently constituted" is denied, it being the unanimous opinion that the petition must be acted upon by the court as constituted when the case was decided, all the members thereof being still available.

*Morris P. Skinner, William L. Fleming* and *James S. Campbell (Smith, Wild, Beebe & Cades* of counsel) for the petition.