459 P.2d 222 (1969)
Raymond N. LOWE, Corrinne R. Hill, W.A. Brooksby, Abe Brooks, G. Douglas Straton, Alfred Bloom, James Witzig, Claire L. Newport, Dirk P. Ten Brinke and E. Jean Ware, Respondents,
v.
CITY OF EUGENE, of Lane County, Oregon, a Municipal Corporation; Edwin E. Cone in His Official Capacity As Mayor of Eugene; Lester E. Anderson, John O. Chatt, R.G. Crakes, Ray Hawk, Bruce A. Lassen, Catherine Lauris, R.E. McNutt, Glen L. Purdy, Each in His Official Capacity As a Member of the Common Council of Eugene; David D. Campbell Dba C & S Electric; Allen E. Hamilton, Allen E. Hamilton, Jr., Lillian T. Hamilton; J.F. Oldham & Son, Inc., Defendants,
Eugene Sand & Gravel, Inc., Appellant.
Supreme Court of Oregon, In Banc.
Argued on Rehearing June 2, 1969.
October 1, 1969.
Rehearing Denied December 19, 1969.
John E. Jaqua and William G. Wheatley, Eugene, argued the cause for appellant on rehearing. On the brief opposing rehearing was William G. Wheatley, Eugene.
Barbara B. Aldave, Eugene, and Leo Pfeffer, New York City, argued the cause for respondents on rehearing. With them on the petition for rehearing and brief was James B. Harrang, Eugene.
Warren Cameron, Seattle, Wash., and Richard D. Curtis and Hansen, Curtis & Strickland, Eugene, filed a brief for Leslie D. Erb et al., citizens of the City of Eugene, as amici curiae.
Before PERRY, C.J., and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE, and HOLMAN, JJ.
GOODWIN, Justice.
The trial court, in a suit for declaratory relief, ordered the City of Eugene and the other named defendants to remove from a public hilltop park a neon-lighted concrete *223 cross some 50 feet tall which, when lit, was visible for several miles over a major part of the city of Eugene. On appeal, this court reversed the trial court's decree. The matter is before us again, on a petition for rehearing.
In a brief and upon oral argument, counsel challenged the propriety both of the granting of the rehearing and of the submission of the cause to a court that contained a justice who had not participated in the original decision.
On January 6, 1969, the original appeal was argued before a court consisting of Chief Justice Perry and Justices McAllister, Sloan, O'Connell, Goodwin, Denecke, and Langtry. In the absence of Justice Holman, a regular member of the court, Justice Langtry was sitting as a Justice pro tempore duly assigned to this court pursuant to ORS 2.052.
The court handed down its original opinion on February 26, 1969, reversing the trial court. Justices Perry, Sloan, Denecke, and Langtry voted for reversal. Justices McAllister, O'Connell, and Goodwin dissented. Lowe v. City of Eugene, 87 Or. Adv.Sh. 1059, 451 P.2d 117 (1969).
The plaintiffs filed a petition for rehearing. On April 22, 1969, the court in its regular weekly conference considered the petition. Four of the regular justices who had participated in the original decision favored granting the petition. The other two regular justices and Justice Langtry opposed granting the petition. Since four of the regular justices who had participated in the original decision voted for a rehearing, it was unnecessary to decide whether Justice Holman or Justice Langtry or neither of them or both of them should vote on the petition. The petition was granted.
The rehearing was set for June 2, 1969. On that date the cause was argued before the seven regular justices of the Supreme Court, none then being absent or disqualified. The court was thus convened according to the practice followed when a case is reargued in banc and no regular justice is disqualified. Justice Langtry had been appointed to serve for ninety days beginning the first judicial day in January, and his term had expired before June 2, 1969. The submission of the cause on rehearing to the seven regular justices, including Justice Holman, was correct.
The question whether a justice who did not participate in an original decision is barred from subsequent consideration of that case is potentially troublesome in any jurisdiction which allows rehearings. There are numerous reasons other than that of disqualification for a particular justice to be absent from a particular argument. Moreover, if the reason for the original absence was temporary, it is likely that the absent justice will be available for duty when the case is argued on rehearing.
Two lines of precedent in the United States deal with this situation.
In some jurisdictions a regularly elected justice who, for any reason, does not participate in an original decision does not participate in any subsequent considerations of that case. The reasons for the rule are set out in Gas Products Co. v. Rankin, 63 Mont. 372, 207 P. 993, 24 A.L.R. 294 (1922); Flaska v. State, 51 N.M. 13, 177 P.2d 174 (1946); Cordner v. Cordner, 91 Utah 474, 64 P.2d 828 (1937); Rohlfing v. Moses Akiona, Ltd., 45 Hawaii 440, 369 P.2d 114 (1963); but cf. Yoshizaki v. Hilo Hospital, 50 Hawaii 40, 429 P.2d 829 (1967).
In California, the court as it is constituted on the day a case is argued on rehearing is the Supreme Court for the purpose of the vote on the questions argued. A regularly elected justice who is present for duty and not disqualified hears argument and participates in the vote. See Metropolitan Water Dist. v. Adams, 19 Cal.2d 463, 122 P.2d 257 (1942). Accord, Glasser v. Essaness Theatres Corp., 346 Ill. App. 72, 89-100, 104 N.E.2d 510 (1952); Battle v. Mason, 293 P.2d 324, 333-334 (Okl. 1955).
We believe that the better reasoned cases are those which follow the California rule.
The institution of rehearing was invented and has survived because it is beneficial to the administration of justice. This court *224 permits any party to file a petition for rehearing within 20 days following the publication of our opinion announcing a decision. Oregon Supreme Court Rule 47.
Every petition is carefully considered by the court. On any given date the court may be made up of seven justices who may not be the same seven who constituted the court the day, the week, or the month before. This change in the court's composition may be the result of many factors: e.g., illness, retirement, election. The court nonetheless votes and makes decisions as a court, not as a collection of individual justices.
Both initially and upon rehearing, the parties have the right to a decision by a lawfully constituted court. They do not have a right to a decision by a particular judge or group of judges. In the case at bar, no decree has yet been placed beyond the power of this court to recall, modify or reverse; the cause is still pending. Until the time for rehearing has expired, the party in whose favor a decision is rendered has no vested right in the decision that would preclude its re-examination and vacation in the ordinary course of judicial administration. Metropolitan Water Dist. v. Adams, 19 Cal.2d at 475, 122 P.2d 257.
When the court, on June 2, 1969, heard argument on rehearing, Justice Holman was present for duty, was not disqualified, and had both the right and the duty to vote on the merits of the case.
We hold therefore: (1) that regardless of the number of justices available and qualified to vote, the petition for rehearing in this case was properly granted by a majority vote of a lawfully constituted court; (2) when the case came on in due course for argument on rehearing it was heard before a lawfully constituted court.
The majority of the court before which the case was argued on June 2 1969, is of the opinion that the decree of the trial court should be affirmed for the reasons substantially as set forth in the dissenting opinion handed down on February 26, 1969. The former majority opinion handed down on February 26, 1969, is accordingly withdrawn. The decree entered below is affirmed. Neither party shall have costs in this court.
DENECKE, Justice (dissenting).
I concur in that part of the majority opinion approving the granting of the petition for rehearing and the procedure on rehearing. Upon the constitutional issue, however, I dissent for the reasons stated in my specially concurring opinion filed with our former decision.
PERRY, C.J., joins in this dissent.