Argued June 24, affirmed July 26, reconsideration denied
September 1, 1976

EUGENE SAND & GRAVEL, *Appellant,*
*and*
AMERICAN LEGION POST #3,
*Intervenor-Appellant,*
*v.*
CITY OF EUGENE et al, All original Defendants in
Lane County Circuit Court Case #76314; and
ANDERSON et al, All original Plaintiffs in Lane
County Circuit Court Case #76314,
*Respondents.*
(No. 99775, CA 4879)
552 P2d 596

*William G. Wheatley,* Eugene, argued the cause for appellant Eugene Sand & Gravel, Inc. With him on the briefs were Jaqua & Wheatley, Eugene.

*Dudley C. Walton,* Assistant, Department of Judge Advocate, Department of Oregon American Legion, Roseburg, argued the cause for intervenor-appellant

American Legion Post #3, Department of Oregon. With him on the briefs was C. S. Emmons, Judge Advocate District #3, Department of Oregon American Legion, Albany.

*Leslie M. Swanson, Jr.,* Eugene, argued the cause for respondents individual defendants. With him on the brief were Terence J. Hammons and Hammons, Phillips & Jensen, Cooperating Attorneys, American Civil Liberties Union of Oregon, Eugene.

*Jack A. Gardner,* Eugene, appeared for respondents city defendants.

*Larry R. Roloff,* Eugene, filed a brief amicus curiae for American Rights Council, Inc.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This case involves a 51-foot-tall prestressed concrete tapered Latin cross located in a city park on a hill in Eugene, Oregon. This cross has been the subject of extensive litigation in the trial court in the 1960's and numerous opinions of the Supreme Court during the year 1969 commencing at 254 Or 518 under the title of *Lowe et al, Respondents, v. City of Eugene et al, Defendants, Eugene Sand & Gravel, Inc., Appellant.*[1] This prior litigation finally resulted in a decree on mandate directing the removal of the cross in accordance with the Supreme Court's decision that it was primarily a religious symbol, the maintenance of which on public property was violative of both the state and federal constitutions.

For reasons it is not necessary to discuss here, the cross remains, and the issue of whether it shall stay or go is now before us as a result of further litigation commenced by the plaintiffs in June of 1970 in the form of a suit brought under the provisions of ORS 16.460(1) which provides in pertinent part that "* * * a decree in equity may be impeached and set aside, suspended, avoided or carried into execution by an original suit."

Plaintiff's complaint sought to invoke the jurisdiction of the trial court on the basis of "New Matter (Material Events Happening After the Decree)" and "Newly Discovered Evidence." The trial court properly held that what the plaintiff contended was newly-discovered evidence was in fact only evidence which could have been produced and considered in the original trial, if in fact it was not then actually considered,

---

[1] The appellate history of *Lowe v. City of Eugene,* 254 Or 518, 451 P2d 117, 459 P2d 222, 463 P2d 360 (1969), is:

"Argued January 6, reversed and remanded February 26, petition for rehearing allowed April 23, petition for reconsideration of rehearing denied with leave to renew May 15, reargued June 2, former opinion withdrawn; decree affirmed October 1, petition for rehearing denied December 19, 1969. Petition for writ of certiorari and appeal denied by United States Supreme Court April 20, petition for rehearing denied by United States Supreme Court June 1, 1970."

and therefore not entitled to consideration in the current suit. The trial court did consider the new matter which was that on May 26, 1970, the people of Eugene adopted a charter amendment empowering the city to accept a deed of gift of a "concrete construction in the form of a cross." Under authorization contained in the amendment, the structure was dedicated as a "monument and memorial to * * * war veterans * * *" and was to be called "Veterans War Memorial Cross." The trial court ruled that the decree on mandate of the *Lowe* case should not be set aside, and we agree.

The essential thrust of the decision in *Lowe v. City of Eugene, supra,* is:

> "Public land cannot be set apart for the permanent display of an essentially religious symbol when the display connotes government sponsorship. * * *" 254 Or at 544.

> "* * * Those who argue that the cross is a mere secular symbol ignore 2,000 years of history." 254 Or at 546.

The charter amendment does not change the cross.

Affirmed.