HATSUMI YOSHIZAKI *v.* HILO HOSPITAL,
BY ITS MANAGING COMMITTEE.

No. 4511.

June 30, 1967.

Richardson, C. J., Mizuha, Marumoto,
Abe and Levinson, JJ.

*Per Curiam.* The opinion in this case was filed on May 1, 1967. There was a three to two division of the court on the opinion. On May 8, the three justices who signed the opinion of the court were succeeded by three new justices. Two days later, on May 10, appellant filed a petition for rehearing. This court, as newly constituted, requested a reply to the petition under Rule 5 (b) of the rules of this court.

In its reply, appellee states that appellant has not presented any new argument, that she has not pointed out any matter which the court had overlooked, and that the change in the composition of the court is insufficient reason for allowance of rehearing.

Rehearing will not be ordered merely on the ground that there has been a change in the court. *Rohlfing* v. *Moses Akiona, Ltd.,* 45 Haw. 440, 369 P.2d 114. Contrariwise, a change in the court is no bar to a grant of rehearing. *Glasser* v. *Essaness Theatres Corp.,* 346 Ill. App. 72, 104 N.E.2d 510, *aff'd,* 414 Ill. 180, 111 N.E.2d 124.

Ordinarily, rehearing is ordered in a situation where the court has overlooked controlling authority or some other matter material to the decision. But grant of rehearing is not necessarily so limited. Rehearing also affords locus penitentiae to a justice joining in the decision who has changed his view while the case is still under the control of the court. *Jacobs* v. *Queen Ins. Co.,*

123 Wis. 608, 101 N.W. 1090; *Young* v. *Price*, 47 Haw. 408, 390 P.2d 141.

In this case any one of the justices who signed the opinion of the court could have joined the dissenting justices in ordering a rehearing. This court, as presently constituted, may not assume that none of the justices in the majority would have done so. To make such assumption would effectively nullify the right to a rehearing in a case where rehearing may be warranted. This court deems that the question as to when the statute of limitations began to run requires further consideration.

Rehearing is granted. Argument confined to the question as to when the statute of limitations began to run will be held, without further briefing, on July 11, 1967, at 9 o'clock, a.m.

*George S. Yuda (Ushijima and Nakamoto* of counsel) for the petition.