75 P.3d 1180

**William EK, Plaintiff–Appellant,**

v.

**Steven Eugene BOGGS and Sandy Boggs, Defendants–Appellees,**

and

**Doe Defendants 1–100, Defendants.**

No. 22798.

Supreme Court of Hawai'i.

Aug. 29, 2003.

William Ek, plaintiff-appellant, pro se.

Norman K.K. Lau and Allison M. Fujita, Honolulu, for defendant-appellee Steven Eugene Boggs.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by ACOBA, J.

We hold that the Circuit Court of the First Circuit (the court) had the authority to declare Plaintiff–Appellant William Ek (Ek) a vexatious litigant pursuant to Hawai'i Revised Statutes (HRS) § 634J–1 (1993)[1] and did not abuse its discretion in entering a prefiling order under HRS § 634J–7(a) (1993),[2] preventing Ek from filing any "new litigation" without leave of a presiding judge in the instant case or in any future cases.

## I.

On June 1, 1998, Ek filed a complaint for specific performance and damages (the complaint) and a notice of pendency of action (NOPA) against Defendants Appellees Steven Eugene Boggs (Boggs) and Sandy Boggs, a.k.a. Sandy Burgard (Burgard). Ek, a *pro se* litigant, argued that he had an interest in Boggs's property on Maka'a Street, Honolulu, Hawai'i (the property) because he had done repairs on it and that Burgard had promised him an interest in the property in return. According to Boggs's answering brief, however, Ek never served Boggs with the complaint. Boggs was apparently unaware of the complaint until he conducted a title search in conjunction with an attempt to obtain a loan, and uncovered the NOPA on the property.

On July 24, 1998, Boggs filed an answer to the complaint, a counterclaim, and a cross-claim. Thereafter, Boggs filed three motions: 1) a motion to expunge the NOPA; 2) a motion to post security; and 3) a motion for an award of attorney's fees and costs. In these motions, Boggs argued that the court should expunge the NOPA because in a previous case, civil number 97–3080–07, the court had already divested title to the property from Burgard and transferred it wholly

1. HRS § 634J–1 defines a "[v]exatious litigant" as a plaintiff who does any of the following:

   (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five civil actions other than in a small claims court that have been:
   (A) Finally determined adversely to the plaintiff; or
   (B) Unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing;
   (2) After litigation has been finally resolved against the plaintiff, relitigates or attempts to relitigate in propria persona and in bad faith, either
   (A) The validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or
   (B) The causes of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined;
   (3) *In any litigation while acting in propria persona, files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay;* or
   (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.
   (Emphasis added.) The term " '[i]n propria persona' means on the person's own behalf acting as plaintiff." HRS § 634J–1.

2. HRS § 634J–7(a) states:

   (a) In addition to any other relief provided in this chapter, *the court*, on its own motion or the motion of any party, *may enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this State on the litigant's own behalf without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of this order by a vexatious litigant may be punished as a contempt of court.*

to him, and because a previous NOPA on the property, filed by Burgard, had been expunged and attorney's fees awarded to Boggs.

In the same document, Boggs also requested that Ek be declared a vexatious litigant on the grounds that Ek failed to properly serve the complaint, and that the NOPA was frivolous since Ek "ha[d] no Deed, Agreement of Sale, Assignment, or any other document establishing any interest in the Property." In addition, Boggs contended that Ek "caused unnecessary delay by providing over 756 documents allegedly in response to Boggs'[s] First Request for Production of Documents" and that all these documents were "non-responsive." These 756 documents themselves, however, are not part of the record. Boggs also claimed that Ek failed to provide adequate notice for several depositions and wrongly served several other documents. For example, Ek allegedly served a *subpoena duces tecum* on Boggs rather than on Boggs's attorney and served a *subpoena duces tecum* on Boggs's wife, who was not at home, by tacking it on her gate.

On January 22, 1999, Ek filed a memorandum in opposition to Boggs's motions. In his memorandum, Ek stated that he had a claim to the property because Burgard had promised him the interest to the property as payment for the repairs. He argued that " '[t]he likelihood of success on the merits is irrelevant to determining the validity of the

(Emphases added.)

3. Inasmuch as Ek has failed to include transcripts of the February 3, 1999 evidentiary hearing regarding the prefiling order, we will not address any contention regarding the lack of evidence supporting the order. *See* Hawai‘i Rules of Appellate Procedure (HRAP) Rule 10(b)(1)(A) ("[w]hen an appellant desires to raise any point on appeal that requires consideration of the oral proceedings" the appellant shall file a request for transcripts); *Bettencourt v. Bettencourt*, 80 Hawai‘i 225, 231, 909 P.2d 553, 559 (1995) (noting that this court is unable to address errors where an appellant has failed to provide transcripts of the proceedings below). However, as Ek raises questions of law which do not rest upon any particular findings or evidence submitted at trial, we can address these points of appeal. *Cf. Torres v. Torres*, 100 Hawai‘i 397, 406 n. 6, 60 P.3d 798, 806 n. 6 (2002) (noting that a "minute record is not part of the record on appeal and ordinarily may not be cited" but that

*lis pendens* [,]' " (quoting *S. Utsunomiya Enters. v. Moomuku Country Club*, 75 Haw. 480, 866 P.2d 951 (1994)), and that his "claim to title and possession of the Property in itself justifies the NOPA." As for the vexatious litigant argument, Ek did not present any arguments in rebuttal because he planned to defend himself with evidence at a February 3, 1999 hearing. Transcripts of the hearing, however, were not ordered and are not presented to us on appeal.[3]

On March 5, 1999, the court[4] filed an order (1) granting all of Boggs's motions because "there is no evidence that [Ek] ever had or ever will have any right, title, or interest in the real property located at 7249 Maka‘a street[,]" (2) directing that Ek sign a release of the NOPA, and (3) ruling that Ek was a "vexatious litigant" as defined by HRS § 634J–1.[5] Accordingly, the court issued a prefiling order mandating that Ek 1) obtain permission to file future pleadings, and 2) post security of $25,000 in cash or by bond within forty-five days of February 3, 1999 or face dismissal of his complaint. Specifically, the court stated that

> *Ek shall obtain approval of this Court prior to filing any future pleadings* except for the response/objection allowed herein; and that Plaintiff William Ek shall post security of $25,000 in cash or bond within 45 days of February 3, 1999 with the condition that any party can seek to increase

as there was no dispute as to the contents, it may be briefly considered to resolve an issue).

4. The Honorable Judge Gail C. Nakatani presided.

5. The court found, in relevant part, that
> *Plaintiff William Ek is a vexatious litigant as defined in HRS § 634J–1* as this Court finds Plaintiff has not acted in a responsible manner with respect to this litigation as he filed the Complaint and Notice of Pendency of Action (NOPA) without serving said documents on Defendant Steven Eugene Boggs.... Plaintiff also failed to produce documents to Defendant Steven Boggs'[s] attorney and also committed inappropriate service of documents. *Plaintiff also filed a motion totally without merit such as Plaintiff's Motion to Alter/Amend the Order Granting Defendant Steven Eugene Boggs'[s] Motion to Compel Discovery and for Expenses filed October 26, 1998* and failed to follow court rules.

(Emphases added.)

or decrease the $25,000 security depending on any changes in circumstances. Failure to file the $25,000 security on or before 45 days from February 3, 1999 shall result in Plaintiff William Ek's Complaint against Defendant Steven Eugene Boggs being dismissed with Prejudice pursuant to H.R.S. § 634J–5.

(Emphasis added.) Ek did not sign the release of the NOPA nor did he post the $25,000 security. As a result, Boggs's April 8, 1999 motion to dismiss Ek's complaint with prejudice and for an award of attorney's fees and costs was granted by the court on May 4, 1999.

On May 11, 1999, the court filed its final judgment and notice of entry of judgment. Ek claims that neither was served on him "as evidenced by the absence of proof of service or the required notation in the docket."

On July 12, 1999, allegedly the last day Ek had to file a motion to extend time to file an appeal (motion to extend), Ek states he delivered to the court both a letter (the letter) asking for leave to file a motion to extend time and the actual motion itself. In his motion to extend, Ek argued that he had good cause as he was unaware of the entry of final judgment and had no reason to believe its entry was imminent.

On August 6, 1999, the court filed an order denying Ek's motion on the ground that it did not receive the letter, and, as a result, no permission was given. On September 7, 1999, Ek filed a notice of appeal from the August 6 order denying his motion to extend time to file an appeal.[6]

### II.

On appeal, Ek argues that the court erred in rendering the prefiling order, because: 1) the court cited no statutory authority for its

order and the only relevant statute, HRS § 634J–7 (1993), does not provide for such an action; 2) the order is not narrowly tailored; 3) the order lacks adequate justification on the record; and 4) the order denies Ek due process as it applies to all pleadings. Ek further contends that the court abused its discretion in denying his motion to extend for failure to comply with the prefiling order inasmuch as he did not act wilfully, and the court should have imposed a lesser sanction. Finally, Ek maintains that his motion to extend time should have been granted as he was unaware of the entry of final judgment. Ek's other contentions, namely that 1) the prefiling order is outside of the court's inherent power,[7] and 2) the order is too vague as to the procedure for obtaining the court's approval for filing a pleading, do not require extended discussion.[8]

### III.

Preliminarily, Boggs, in a supplemental brief, argues that Ek's notice of appeal fails to specifically reference the March 5, 1999 prefiling order. Ek's notice of appeal states:

> Notice is hereby given that William Ek, pursuant to section 641–1, Hawai'i Revised Statutes, and Rule 3 of the Hawai'i Rules of Appellate Procedure, appeals to the Supreme Court and Intermediate Court of Appeals of the State of Hawai'i from the Order Denying Plaintiff William Ek's Motion to Extend Time to File Notice of Appeal, filed August 6, 1999 and attached hereto as Exhibit "1".

However, attached to the notice as exhibit one is the order denying Ek's motion to extend. This order expressly refers to the prefiling order and rests denial of the motion in part on a violation of that order.[9]

---

6. In his notice of appeal, Ek did not directly cite to the prefiling order. *See infra* Part III.

7. Inasmuch as we determine that a court has the authority to enter a prefiling order pursuant to HRS § 634J–1, we need not consider whether a court has the inherent power to do so.

8. The court order complies with the express terms of the governing statute, HRS § 634J–7(a), in that it requires Ek to obtain leave before filing

any new litigation. Accordingly, this contention appears to be without merit.

9. In relevant part, the attached order denying Ek's motion to extend states:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff William Ek's Motion to Extend the Time to file Notice of Appeal filed July 12, 1999 is denied summarily because Plaintiff William Ek's 7/12/99 letter which was purported to have been "Hand De-

HRAP Rule 3(c) states that a notice of appeal "shall designate the judgment, order or part thereof appealed from." *See Chun v. Board of Trs. of Employees' Ret. Sys. of the State of Hawai'i,* 92 Hawai'i 432, 448, 992 P.2d 127, 143 (2000) (ruling that because the appellants "did not, in . . . their notices of appeal, designate the . . . order as an order from which an appeal was being taken, they have not properly appealed it"). However, " 'a mistake in designating the judgment . . . should not result in loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake.' " *State v. Graybeard,* 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App.2000) (quoting *City & County of Honolulu v. Midkiff,* 57 Haw. 273, 275–76, 554 P.2d 233, 235 (1976))(quoting 9 *Moore's Federal Practice* § 203.18 (1975))); *see also Midkiff,* 57 Haw. at 276, 554 P.2d at 235 (stating that a notice of appeal "fairly infers an intent to appeal from [a] composite of orders" and "[t]here is no showing of any misleading of the other parties to their detriment" and thus concluding that a notice was sufficient in form (citing *Yoshizaki v. Hilo Hosp.,* 50 Haw. 1, 2, 427 P.2d 845, 846, *reh'g granted,* 50 Haw. 40, 429 P.2d 829, *rev'd on other grounds,* 50 Haw. 150, 433 P.2d 220 (1967); *Credit Assocs. v. Montilliano,* 51 Haw. 325, 328, 460 P.2d 762, 764 (1969)). We believe it can be fairly inferred from the court's reasoning in the order denying the motion to extend, which Ek attached as an exhibit to the notice of appeal, that Ek also intended to appeal from the prefiling order. Boggs has not claimed that he was misled in any way by the notice of appeal. Moreover, inasmuch as it was one of the two bases for the court's denial of the motion to extend, examination of the prefiling order is necessary in determining whether the court properly denied the motion to extend.

## IV.

Although we have not heretofore adopted a standard for reviewing a vexatious litigant

determination, we believe it should be an abuse of discretion standard. HRS § 634J–4 (1993) states that

> [i]f after hearing the evidence upon the motion, *the court determines* that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in an amount and within a time as the court shall fix.

(Emphases added.) The term "if" is loosely defined as "in the event that[,]" *Webster's Third New Int'l Dictionary* 1124 (1986) [hereinafter, *Webster* ], and "determine" means "to come to a decision concerning as the result of investigation or reasoning[;] . . . to settle or decide by choice of alternatives or possibilities[,]" *Webster, supra,* at 616. Thus, a person is a vexatious litigant only "in the event that" the court, after investigating or reasoning, decides that a litigant meets the statutory definition. The use of the terms "if" and "determine" denotes that a court is vested with discretion in deciding whether an *in propria persona* plaintiff meets the statutory definition of a vexatious litigant. Accordingly, we review such a finding under an abuse of discretion standard. California courts, applying a substantially similar statute, have reached the same conclusion. *See Bravo v. Ismaj,* 99 Cal.App.4th 211, 120 Cal. Rptr.2d 879, 885 (2002) ("A court exercises its discretion in determining whether a person is a vexatious litigant." (Citations omitted.)).

"[A]n abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Association of Apartment Owners of Wailea Elua v. Wailea Resort Co.,* 100 Hawai'i 97, 119, 58 P.3d 608, 630 (2002) (quoting *Molinar v. Schweizer,* 95 Hawai'i 331, 335, 22 P.3d 978, 982 (2001)). Furthermore, " '[t]he burden of establishing abuse of discretion is on appel-

---

livered" was never delivered and/or received by this Court and Plaintiff William Ek *was never given permission by this Court to file this*

*motion as required by this Court's prior Order dated March 5, 1999.*

lant, and a strong showing is required to establish it.'" *Lepere v. United Pub. Workers, Local 646,* 77 Hawai'i 471, 474 n. 5, 887 P.2d 1029, 1032 n. 5 (1995) (quoting *State v. Estencion,* 63 Haw. 264, 267, 625 P.2d 1040, 1043 (1981) (citations omitted)). Thus, we examine whether the court "exceeded the bounds of reason" or disregarded principles of law in making a vexatious litigant determination and whether the excess or disregard was substantially detrimental to Ek. We conclude the court did not abuse its discretion in imposing the prefiling order.

## V.

### A.

█ Ek contends that the court did not cite any authority for its order, nor are there any grounds for such an order. However, the order stated that "Ek is a vexatious litigant as defined in HRS § 634J-1." In turn, HRS § 634J-7(a) grants the court authority to impose orders on vexatious litigants.[10] As mentioned earlier,

> [i]n addition to any other relief provided in this chapter, the court, on its own motion or the motion of any party, may enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this State on the litigant's own behalf without first obtaining leave of the

presiding judge of the court where the litigation is proposed to be filed.

HRS § 634J-7(a). Thus, it appears that the court's order rests upon a statutory ground.

### B.

Ek also asserts that HRS § 634J-7(a) applies only to "new litigation" and that a motion in the present case is not "new litigation[.]" We reject Ek's contention, inasmuch as "litigation" is defined as *"any civil action or proceeding,* commenced, maintained, or *sought to be* brought or *maintained."* HRS § 634J-1 (emphases added). "Where a term is not statutorily defined, ... we may rely upon 'extrinsic aids' to determine such intent." *Ling v. Yokoyama,* 91 Hawai'i 131, 133, 980 P.2d 1005, 1007 (App.1999) (citations omitted). The definition of "new" is the "beginning or appearing as the recurrence, resumption, or repetition of a previous act or thing[,]" *Webster, supra,* at 1522. In this case Ek resumed filing matters in the court, *i.e.,* his motion to extend, in order to carry on his lawsuit. Thus, a plain reading of HRS § 634J-7(a) indicates that it is applicable where a party seeks to maintain litigation in an existing case, *see* HRS § 634J-1, such as by the filing of a motion, as well as where an entirely new case is filed.

In *McColm v. Westwood Park Ass'n,* 62 Cal.App.4th 1211, 73 Cal.Rptr.2d 288 (1998), involving a provision identical to HRS

---

10. The legislative history indicates the purpose of HRS chapter 634J was to reduce frivolous cases from being filed.

> Your Committee finds a need to reduce the number of frivolous cases being filed in the court system but is mindful of the importance of preserving access to justice by legitimate litigants and the equal protection of all who seek their day in court.

Sen. Stand. Comm. Rep. No. 467, in 1993 Senate Journal, at 978. HRS chapter 634J is based upon a substantially similar California law. *See* Sen. Stand. Comm. Rep. No. 467, in 1993 Senate Journal, at 978 ("Your Committee also notes that the bill is derived from a California statute"). With respect to the California statute apparently referred to, Cal. Civ. Pro.Code § 391.7 (West 2003), the California courts have noted that the statute was enacted

> to curb misuse of the court system by those acting in propria persona who repeatedly relitigate the same issues. These persistent and obsessive litigants would often file groundless actions against judges and other court officers

who made adverse decisions against them. Their abuse of the system not only wastes court time and resources, but also prejudices other parties waiting their turn before the courts. *Bravo,* 120 Cal.Rptr.2d at 886–87 (internal quotation marks and citations omitted). In construing this statute, California courts have noted that it applies to all plaintiffs who file *in propria persona,* but it does not apply to an attorney appearing on behalf of a client. *See Wolfgram v. Wells Fargo Bank,* 53 Cal.App.4th 43, 61 Cal.Rptr.2d 694, 704, (holding that the vexatious litigant statute applies only to "pro per suits" because "[a]ttorneys are governed by prescribed rules of ethics and professional conduct, and, as officers of the court, are subject to disbarment, suspension, and other disciplinary sanctions not applicable to litigants in propria persona") (quoting *Taliaferro v. Hoogs,* 236 Cal.App.2d 521, 46 Cal.Rptr. 147, 151 (1965)), *cert. denied,* 522 U.S. 937, 118 S.Ct. 347, 139 L.Ed.2d 270 (1997); *see also Weissman v. Quail Lodge, Inc.,* 179 F.3d 1194, 1197 (9th Cir.1999) (looking to Cal. Civ. Pro.Code § 391.7 for guidance).

§ 634J–7(a), it was observed that a substantial number of courts have applied the vexatious litigant statute to ongoing trial proceedings and appeals. *See id.* at 291 (citations omitted). Confirming this approach, the *McColm* court noted that "[a]lthough the appellate courts have not articulated their reasons for applying the statute to appellate writs and appeals, their willingness to do so stems from the statute's broad definitions for the terms 'litigation,' 'plaintiff' and 'defendant.'"[11] *Id.* In this case Ek resumed filing matters in the court, *i.e.*, his motion to extend, in order to carry on his lawsuit and, thus, engaged in litigation as defined in HRS § 634J–7(a). Thus HRS chapter 643J is applicable to a new act of litigation in an ongoing case, such as the filing of a motion, as well as to the filing of an entirely new case.

## C.

Additionally, Ek argues the mandate in the prefiling order for him to "obtain the approval of this Court" before filing future pleadings conflicts with HRS § 634J–7(a). HRS § 634J–7(a) provides that a vexatious litigant must request permission from the "presiding judge" of the court in which a party intends to file the proposed litigation. In the statutory context, it is plain that presiding judge means the judge presiding in the court in which a litigant seeks to file matters.[12] Ek sought to file pleadings in the case set before Judge Nakatani. Accordingly, the order was correct insofar as it pertained to matters Ek sought to file in the instant case.

**11.** HRS chapter 634J contains similar definitions for the terms "litigation," plaintiff," and "defendant" as utilized in *McColm.* HRS § 634J–1 defines terms in HRS chapter 634J and states in relevant part:

> Unless otherwise clear from the context, as used in this chapter:
> "Defendant" means a person (including a corporation, association, partnership, firm, or governmental entity) against whom litigation is brought or maintained, or sought to be brought or maintained.
> . . . .
> "Litigation" means any civil action or proceeding, commenced, maintained, or pending in any state or federal court of record.
> "Plaintiff" means the person who commences, institutes or maintains litigation or

## VI.

### A.

■ Ek next claims that the order was not sufficiently narrowly tailored and cites to *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.), *cert. denied*, 498 U.S. 1001, 111 S.Ct. 562, 112 L.Ed.2d 569 (1990), for this proposition. In *De Long*, the Ninth Circuit Court of Appeals vacated and remanded a pre-filing order because: (1) the district court failed to give notice to the *in forma pauperis* litigant;[13] (2) there was not an adequate record for review; (3) there were no substantive findings of frivolousness; and (4) the order was overly broad. *See id.* at 1147–48. In reaching this holding, the *De Long* court observed that "'[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Id.* at 1147 (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir.1989)) (brackets in original). Specifically, an order restricting "the activities of abusive litigants[,]" *id.* at 1147 (citing *Tripati*, 878 F.2d at 352), is an *implied* power under 28 U.S.C. § 1651(a) (1988). As such, the *De Long* court stated its view that application of the "vexatious litigant" doctrine should be a limited one. *See id.*

### B.

Unlike in *De Long*, the authority to determine that a litigant is "vexatious" in this case rests not on an implied power, but one that is

causes it to be commenced, instituted, or maintained, including an attorney at law acting on the attorney's own behalf.

**12.** If the vexatious litigant does not have a pending matter before the court, the "presiding judge" would be the deputy chief judge of the civil or criminal division, as appropriate, of the court in which the litigant intends to commence the action.

**13.** *In forma pauperis* is generally a "poor person (*i.e.* indigent)" who has been given permission to "proceed without liability for court fees or costs." *Black's Law Dictionary* 779 (6th ed.1990).

expressly granted to the court. On its face, HRS § 634J–7(a) provides that a court may

> enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this State on the litigant's own behalf without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of this order by a vexatious litigant may be punished as a contempt of court.

(Emphasis added.). Upon appropriate statutory findings, *see supra* note 1, the statute thus gives the court power to enter an order declaring a party a vexatious litigant and to require a request be made to the court before filing any new matters or litigation. The order thus was within the scope of the statute. We observe, in addition, that this order appears to apply only to filings made by Ek as a plaintiff on his own behalf. *See Standard Mgmt., Inc. v. Kekona*, 98 Hawai'i 95, 106, 43 P.3d 232, 243 (App.) (holding that HRS § 634J–7(a) applies only to a vexatious litigant " 'filing any new litigation in the courts of this State *on the* litigant's own behalf without first obtaining leave' ") (quoting HRS § 634J–7(a)) (emphasis in original), *reconsideration denied, cert. denied* (2001).

### VII.

■ Ek argues that, according to *De Long*, a court must make a substantive finding as to the vexatiousness of the litigant's behavior and that such orders should rarely be issued. As mentioned earlier, it is doubtful that *De Long* is applicable, inasmuch as the federal court was concerned with an implied power stemming from 28 U.S.C. § 1651(a). HRS chapter 634J, on the other hand, expressly prescribes such power in detail, providing grounds for declaring a plaintiff a "[v]exatious litigant[.]" [14]

Moreover, it is apparent that the court did make substantive findings as to Ek's vexatiousness. As stated earlier, a plaintiff may be declared a vexatious litigant if "[i]n any litigation while acting in propria persona, [he or she] files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay[.]" HRS § 634J–1(3). In the instant order, the court refers to evidence establishing that Ek satisfies this definition. First, according to the order, Ek failed in separate incidents to serve and/or inappropriately served separate documents on Boggs, as in the case of the NOPA. Second, Ek "failed to produce documents to Defendant Steven Boggs'[s] attorney and also committed inappropriate service of documents." Finally, according to the court, Ek filed at least one motion that was without merit.[15] Therefore, we cannot conclude that the court's declaration of Ek as a vexatious litigant was outside the bounds of reason and the principles of law and, thus, an abuse of discretion.

### VIII.

■ Ek maintains that the prefiling order denies him due process as it applies to all future proceedings, thus limiting his ability to argue his case or bring new actions. "The fourteenth amendment to the United States Constitution and article I, section 5 of the Hawai'i Constitution provide in relevant part that no person shall be deprived of 'life, liberty, or property without due process of law[.]' " *State v. Bani*, 97 Hawai'i 285, 293, 36 P.3d 1255, 1263, *as amended on clarification* (Dec. 6, 2001), *reconsideration denied* (2002). Substantive due process has been defined as that which "protects those fundamental rights and liberties which are ... 'implicit in the concept of ordered liberty[.]' " *In re Jane Doe, born on December 15, 1982*, 99 Hawai'i 522, 533 n. 14, 57 P.3d 447, 458 n. 14 (2002) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)). Ek has not raised the argument that his purported right to bring a

---

14. *See supra* note 1 (stating the grounds for determining that a plaintiff is a "vexatious litigant").

15. As noted *supra*, we will not review the sufficiency of the evidence insofar as Ek did not request a transcript of the relevant proceeding. However, we do review whether the court stated sufficient grounds to apply HRS § 634J–1(3), which it clearly did.

case prior to receiving permission from a presiding judge is a fundamental right, and, hence, we do not consider such a contention.

Relatedly, procedural due process is "not a fixed concept requiring a specific procedural course" but, rather, a flexible doctrine requiring "such procedural protections as the particular situation demands." *Price v. Zoning Bd. of Appeals of the City & County of Honolulu*, 77 Hawai'i 168, 172, 883 P.2d 629, 633 (1994) (citations omitted). "[W]e address procedural due process claims in two steps: First, we must determine whether a 'liberty' or 'property' interest has been interfered with by the State; second, we must determine what specific procedures are required to satisfy due process." *Bani*, 97 Hawai'i at 293, 36 P.3d at 1263 (citations omitted). "At its core, procedural due process of law requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of a significant liberty interest." *Id.* (citation omitted). Assuming *arguendo*, that the order involves property, we do not believe it violates federal or state due process rights.

Ek was not deprived of either notice or an opportunity to be heard as to the issuance of the prefiling order because the court held a hearing on February 3, 1999 to review Ek's objections to the order. Under the statute, a vexatious litigant is not precluded from bringing any legal action, but rather, is required to obtain leave of court to ensure that an action is not frivolous. We believe, then, that the prefiling order satisfied procedural due process because it afforded Ek notice and an opportunity to be heard.

Considering a substantially similar statute, California courts have held that a prefiling order is not an undue restraint upon due process rights. *See Wolfgram v. Wells Fargo Bank*, 53 Cal.App.4th 43, 61 Cal.Rptr.2d 694, 705 (1997) (explaining that the right to have a court hearing is not denied because "[t]he vexatious litigant has the right to [request] the presiding judge of any court for permission to file any litigation he [or she]

chooses, or to employ an attorney to file suit"), *cert. denied*, 522 U.S. 937, 118 S.Ct. 347, 139 L.Ed.2d 270 (1997); *Taliaferro v. Hoogs*, 236 Cal.App.2d 521, 46 Cal.Rptr. 147, 151–52 (1965) (holding that "a state has the plenary power to provide the terms on which it will permit litigation in its courts[,]" and that "it is within the power of a state to close its courts to ... [frivolous and vexatious] litigation if the condition of reasonable security is not met" (quoting *Cohen v. Beneficial Indus.Loan Corp.*, 337 U.S. 541, 552, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949))).

Hence, a prefiling order does not violate due process rights because it "does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs." *Bravo*, 120 Cal.Rptr.2d at 887 (citations omitted). Preventing the filing of a frivolous and vexatious document "deprives [a litigant] of nothing at all, except perhaps the punishment of [Hawai'i Rules of Civil Procedure Rule] 11 sanctions." *Mayer v. Bristow*, 91 Ohio St.3d 3, 740 N.E.2d 656, 668 (2000) (quoting *Lewis v. Casey*, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Thus, it does not appear that Ek's due process rights are impacted in this case or in future cases, as he is only restrained from bringing unmeritorious litigation, which could be restricted in any event.[16]

## IX.

### A.

Ek contends that the court abused its discretion in denying Ek's motion to extend because Ek's failure to comply with the order was not wilful and there is no evidence on the record that Ek did not deliver the letter requesting permission to file. Ek does not cite to any case law to support this argument. HRAP Rule 4 pertains to extensions of time to file a notice of appeal and states, in relevant part, that

**16.** This, of course, does not prevent Ek from challenging a future erroneous denial of a request to file.

[t]he court or agency appealed from, upon a showing of good cause, *may* extend the time for filing a notice of appeal upon motion filed within the time prescribed by subsections (a)(1) through (a)(3) of this rule. However, no such extension shall exceed 30 days past such prescribed time.

(Emphasis added.) Generally, a court's order regarding the extension of time for the filing of a notice of appeal will not be disturbed on appeal absent a showing of an abuse of discretion. *See Wiegand v. Colbert,* 68 Haw. 472, 478, 718 P.2d 1080, 1085 (1986).

Ek's argument is unpersuasive inasmuch as the court found that Ek failed to comply with the prefiling order. There is no evidence supporting Ek's claim that he submitted a letter requesting leave to file the motion to extend time to appeal. While Ek's actions may not have been wilful, his noncompliance with the court's order is a sufficient ground for the court in the exercise of its discretion to deny the motion to extend time to appeal. *See Enos v. Pacific Transfer & Warehouse, Inc.,* 80 Hawai'i 345, 349, 910 P.2d 116, 120 [hereinafter *Enos II* ] (reviewing a motion to extend time for filing a notice of appeal "for an abuse of discretion") (citing *Wiegand v. Colbert,* 68 Haw. 472, 718 P.2d 1080 (1986)), *reconsideration denied,* 81 Hawai'i 400, 917 P.2d 727 (1996).

### B.

■■■ Ek maintains that the court should have imposed a less severe sanction than the outright denial of his motion to extend. The imposition of a sanction is generally within the discretion of a trial court. *See Enos v. Pacific Transfer & Warehouse, Inc.,* 79 Hawai'i 452, 459, 903 P.2d 1273, 1280 (*Enos I* ) (noting that "whether sanctions are imposed pursuant to HRCP Rule 11 or the trial court's inherent powers, such awards are reviewed for abuse of discretion"), *reconsideration denied,* 80 Hawai'i 187, 907 P.2d 773 (1995). The court found that it never received Ek's letter. On that basis alone the court could decide in its discretion that it should not grant an extension. Assuming *arguendo,* Ek did transmit his request, he never received permission to file his motion to extend. We observe that the court could

have held Ek in contempt of court, pursuant to HRS 634J 7, which states that "[d]isobedience of [a prefiling order] by a vexatious litigant may be punished as contempt of court." For the reasons stated, we cannot say the court abused its discretion in denying the motion to extend.

### X.

Ek's final point on appeal is that he was unaware of the entry of final judgment, and thus, did not know when to appeal. In essence, it appears that Ek argues that he would not have had to file the motion to extend if he had received timely notice. HRCP Rule 77(d) states, in relevant part, that

[i]mmediately upon entry of a judgment, or an order for which notice of entry is required by these rules, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. *Such mailing is sufficient notice for all purposes for which notice of the entry of a judgment or order is required by these rules.* In addition, immediately upon entry, the party presenting the judgment or order shall serve a copy thereof in the manner provided in Rule 5. *Lack of notice of the entry by the clerk or failure to make such service, does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Hawai'i Rules of Appellate Procedure.* The court may impose appropriate sanctions against any party for failure to give notice in accordance with this rule.

(Emphases added.) In turn, HRAP Rule 4(a)(5) provides that "[a] judgment or order is entered when it is filed in the office of the clerk of the court." There is no contention that the court did not mail a notice of entry, only that Ek did not receive this notice.

In *Enos II,* this court applied an excusable neglect standard and noted that "[a] party has an independent duty to keep informed and mere failure of the clerk to notify the

parties that judgment has been entered does not provide grounds for excusable neglect or warrant an extension of time." 80 Hawai'i at 353, 910 P.2d at 124 (quoting *Alaska Limestone Corp. v. Hodel,* 799 F.2d 1409, 1412 (9th Cir.1986)). Thus, this court held that a failure to know when a final judgment was entered did not meet the standard of "excusable neglect." *Id.* at 355, 910 P.2d at 126. Accordingly, based on *Enos II* and a plain reading of the rules, Ek's claim is not a valid one.

### XI.

We therefore affirm the August 6, 1999 order denying Ek's motion to extend time to file an appeal.