**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000106
27-JUN-2025
07:57 AM
Dkt. 397 SO**

NO. CAAP-23-0000106

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HOWARD HOFELICH, Plaintiff-Appellant,
v.
STATE OF HAWAI'I DCCA and DLNR; DENNIS KRUEGER, ESQ.;
ASHFORD & WRISTON LAW CORPORATION; DAVID KAAPU, ESQ.;
STEPHEN WHITTAKER, ESQ.; CARL VINCENTI; JUNG & VASSAR LAW
CORPORATION; RONALD IBARRA; UNITED STATES COAST GUARD VESSEL
DOCUMENTATION CENTER (USCGVDC); DAVID LAWTON, ESQ.,
Defendants-Appellees,
and
DOE CORPORATIONS 1-10; JOHN DOES 1-10; JANE DOES 1-10;
GOVERNMENTAL ENTITIES 1-10; DOE PARTNERSHIPS 1-10; DOE LLC
CORPORATIONS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL 3CCV-21-0000297)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

This appeal arises from an order designating self-represented Plaintiff-Appellant Howard Hofelich (**Hofelich**) as a vexatious litigant.

Hofelich appeals from[1] the (1) December 16, 2022 "Findings of Facts [sic] [(**FOFs**)], Conclusions of Law [(**COLs**)] and Order Granting Defendants David Lawton, Esq. and Jung & Vassar, P.C.'s Motion to Designate [Hofelich] a Vexatious Litigant and for an Order to Post Security and Prefiling Order" (**Vexatious Litigant Prefiling Order**); and (2) February 21, 2023 "Order Dismissing [Hofelich]'s Complaint with Prejudice as to all Claims and Parties" (**Dismissal Order**), both filed by the Circuit Court of the Third Circuit (**Circuit Court**).[2]

Hofelich's Opening Brief is difficult to discern. On appeal, Hofelich appears to raise nine points of error (**POEs**), the majority of which are difficult to discern and irrelevant to the current appeal, and all of which do not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28. The POEs do not state "the alleged error committed by the court"; "where in the record the alleged error occurred"; and "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court." HRAP Rule 28(b)(4). The only discernible POE that appears relevant to the current appeal is that the Circuit Court was "prohibited by the 8th Amendment by [sic] declaring . . . Hofelich to be a vexatious litigant" and could not "impose[] [a] fine of $90,000" (**$90,000 "fine"**).[3] We address this POE under the public policy of affording liberal review of pleadings by self-represented litigants "to facilitate access to justice" and to afford

---

[1]    In the Notice of Appeal, Hofelich also attached various documents unrelated to the current appeal.

[2]    The Honorable Robert D.S. Kim presided.

[3]    To the extent Hofelich may be arguing that his due process rights were violated by the Vexatious Litigant Prefiling Order, we note the supreme court rejected this argument in EK v. Boggs, 102 Hawaiʻi 289, 75 P.3d 1180 (2003).

litigants the opportunity for appellate review despite their non-compliance with court rules. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (citation omitted); Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Hofelich's contention as follows, and affirm.

Hofelich argues that the Circuit Court infringed the "8th Amendment" by the Vexatious Litigant Prefiling Order and by imposing a $90,000 "fine." The Eighth Amendment to the U.S. Constitution pertains to bail in criminal cases, and does not apply here. The $90,000 was not imposed as a "fine," but imposed as security under Hawaii Revised Statutes (**HRS**) § 634J-7, discussed infra.

The record reflects that in response to Hofelich's Amended Complaint filed June 17, 2022, Defendants-Appellees David Lawton, Esq. and Jung & Vassar Law Corporation filed a June 28, 2022 "Motion to Designate [Hofelich] a Vexatious Litigant and for an Order to Post Security" (**Vexatious Litigant Motion**) pursuant to HRS § 634J-7.[4] The motion explained that

---

[4]     HRS § 634J-1 (2016) defines a "Vexatious litigant" as a pro se plaintiff who, in bad faith, attempts to improperly relitigate a determined or concluded matter, or files unmeritorious, frivolous, or dilatory papers in any litigation, as follows:

> (2) After litigation has been finally resolved against the plaintiff, relitigates or attempts to relitigate in propria persona and in bad faith, either:
>
>> (A) The validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or
>>
>> (B) The cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant

Hofelich filed various lawsuits raising the same claims from 1997 through 2021 for which there was "no reasonable probability that Hofelich [would] prevail"; argued that Hofelich should be designated a vexatious litigant subject to a prefiling order; and requested the imposition of a "$500,000.00 security bond" or other amount determined by the court, and for litigation of Hofelich's Amended Complaint to be stayed until security was posted.[5]

Following a November 28, 2022 hearing on the Vexatious Litigant Motion, for which no transcript is provided,[6] the

---

> or defendants as to whom the litigation was finally determined; [or]
>
> (3) In any litigation while acting in propria persona, files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay . . . .

HRS § 634J-7 (2016) provides a mechanism to obtain a "prefiling order prohibiting filing of new litigation" by any vexatious litigant. The statute permits the court, on "motion of any party," to enter a "prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this State . . . without first obtaining leave" of the court. The court may also "condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in section 634J-4." Id.

Regarding the procedure and standards to set the "amount of security," HRS § 634J-4 (2016) provides:

> If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail . . . the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in an amount and within a time as the court shall fix.

[5] Defendants-Appellees Ashford & Wriston Law Corporation and Stephen Whittaker, Esq. joined the Vexatious Litigant Motion.

[6] There is no transcript of the November 28, 2022 hearing in the record. See HRAP Rule 10(b)(1)(A) (requiring the appellant to "file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary"); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant

Circuit Court filed its December 16, 2022 Vexatious Litigant Prefiling Order granting the motion, finding that:  Hofelich filed various lawsuits from 2005 through 2017 "regarding the same claims and issues with respect to a judgment obtained against . . . Hofelich in the State of California and the subsequent enforcement of that judgment and execution upon vessels owned by [Hofelich] in the State of Hawaiʻi" (listing nine separate lawsuits); "Hofelich while acting in propria persona, filed, in bad faith, unmeritorious cases, motions, pleadings, and other papers, . . . conducted unnecessary discovery, and engag[ed] in other tactics that were frivolous"; and "there [was] no reasonable possibility that [Hofelich] w[ould] prevail in the litigation."  FOFs 5-22.  Hofelich does not present any argument challenging the FOFs, and they are binding.  See Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002).

Here, in light of these FOFs, the Circuit Court's determination that Hofelich was a vexatious litigant under HRS §§ 634J-1(2) and (3) was within the scope of its discretion. See Ek, 102 Hawaiʻi at 294, 75 P.3d at 1185 (reviewing vexatious litigant determination for abuse of discretion).  The Circuit Court properly issued the HRS § 634J-7 prefiling order prohibiting Hofelich "from filing any new litigation" in Hawaiʻi state courts on his "own behalf without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed."  See id.  These FOFs also support the Circuit Court's order for Hofelich to post $90,000 security

in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (cleaned up)).

within 45 days, as a condition of staying the dismissal of the instant case.  See HRS § 634J-7.

Because Hofelich did not post the security within the forty-five-day deadline, the Circuit Court properly dismissed the case with prejudice, pursuant to HRS § 634J-7.  Hofelich does not present discernible argument challenging the Dismissal Order.  See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

For the foregoing reasons, we affirm the December 16, 2022 Vexatious Litigant Prefiling Order and the February 21, 2023 Dismissal Order, both filed by the Circuit Court of the Third Circuit.

In light of our resolution of this appeal, all pending motions are dismissed as moot.

DATED:  Honolulu, Hawaiʻi, June 27, 2025.

On the briefs:

Howard Hofelich,
Self-Represented Plaintiff-
Appellant.

David H. Lawton,
for Defendants-Appellees
DAVID H. LAWTON and JUNG &
VASSAR, P.C.

Andrew I. Kim,
Deputy Attorney General
for Defendants-Appellees
STATE OF HAWAIʻI DCCA.

Robert I. Park,
for Defendant-Appellee
ASHFORD & WRISTON, A LIMITED
LIABILITY LAW PARTNERSHIP LLP.

Stephen D. Whittaker,
Self-Represented Defendant-
Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge