**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000389**
**17-MAR-2026**
**08:43 AM**
**Dkt. 371 SO**

NOS. CAAP-23-0000389 AND CAAP-24-0000481


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CAAP-23-0000389
JAMES YEE MARN, JR., as a limited partner of McCULLY ASSOCIATES,
a Hawaii registered limited partnership,
for and on behalf of McCULLY ASSOCIATES
and its limited partners, Plaintiff-Appellee,
v.
McCULLY ASSOCIATES, a Hawaii registered limited partnership;
ALA WAI INVESTMENT, INC., a Hawaii corporation,
as general partner of McCULLY ASSOCIATES, Defendants-Appellees;
and ALEXANDER Y. MARN, individually
and as officer and agent for ALA WAI INVESTMENT, INC.,
Defendant-Appellant, and
ERIC MARN, individually and as officer and agent for
ALA WAI INVESTMENT, INC., Defendant-Appellee,
and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10, Defendants.
(CASE NO. 1CC980005371)


AND


CAAP-24-0000481
IN RE MARN FAMILY LITIGATION
(MASTER CASE FILE NO. 1CC001000MFL)


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, McCullen and Guidry, JJ.)

In this consolidated appeal, self-represented Defendant-Appellant Alexander Y. **Marn** appeals from the Circuit Court of the First Circuit's final judgments entered on April 3, 2023, April 5, 2023, and April 20, 2023 and related orders.[1]

---

[1]  In CAAP-23-0000389, Marn appeals from the following in 1CC980005371, also referred to as the Judicial Accounting Case:

(1) April 3, 2023 "Order Denying Defendant Alexander Y. Marn, as Trustee of the Revocable Living Trust Agreement of Alexander Y. Marn and Alexander Y. Marn, an Individual's, Request for Authorization to File: Complaint for Declaratory Relief, Specific Performance, Injunctive Relief, Other Equitable Remedies and Other General Principles of Equity, Filed December 8, 2022 [Dkt. 1800] and Amended Request Filed December 23, 2022 [Dkt. 1812]" (**April 3, 2023 Order Denying Request to File Complaint**); April 3, 2023 Final Judgment based on the April 3, 2023 Order Denying Request to File Complaint entered pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rules 54(b) and 58; and July 31, 2023 "Order Denying Defendant Alexander Y. Marn, as Trustee of the Revocable Living Trust Agreement of Alexander Y. Marn and Alexander Y. Marn, an Individual's, Motion for Reconsideration Under HRCP Rule 59(e) of Dkts. 1958, 1960 and 1962, Filed April 3, 2023, Filed on April 12, 2023 [Dkt. 1968]" (**July 31, 2023 Order Denying Motion for Reconsideration**).  (Formatting altered.)  The Honorable John M. Tonaki presided.

(2) April 5, 2023 "Order Granting Successor Liquidating Receiver S. Steven Sofos' Motion to Approve His Final Report and for Entry of Final Judgment, Filed December 19, 2022 [Dkt. 1804]" (**April 5, 2023 Order Approving Final Report**); April 5, 2023 Final Judgment entered pursuant to HRCP Rule 54(b) regarding the April 5, 2023 Order Approving Final Report and "all prior orders filed in this proceeding not already made final"; and June 23, 2023 "Order Denying Defendant Alexander Y. Marn, as Trustee of the Revocable Living Trust Agreement of Alexander Y. Marn and Alexander Y. Marn, an Individual's, Motion for Reconsideration Under HRCP Rule 59(e) of Orders Granting Final Report and Final Judgment, Filed December 19, 2022 Filed April 5, 2023 [Dkts. 1964 and 1966], Filed April 17, 2023 [Dkt. 1981]" (**June 23, 2023 Order Denying Motion for Reconsideration**).  (Formatting altered.)  The Honorable James H. Ashford presided.

(3) April 20, 2023 "Order Denying Defendant Alexander Y. Marn, as Trustee of the Revocable Living Trust Agreement of Alexander Y. Marn and Alexander Y. Marn, an Individual's, Motion for Reconsideration of the Order Denying Alexander Y. Marn's Expedited Motions to:  (1) Amend Order on Defense of Fees [Dkt. 1796]; (2) Reconsider Order on Defense of Fees [Dkt. 1796]; (3) Vacate All Orders Granting Fee Applications Prior to November 29, 2022; (4) Disgorge the Liquidating Receiver; (5) Direct the Liquidating Receiver to

(continued . . .)

Marn also appeals from the circuit court's June 21, 2024 order denying his motion to dissolve his designation as a vexatious litigant.[2]

We note that Marn's opening briefs do not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28. Nonetheless, we address the issues raised in Marn's opening briefs to the extent we can discern. See, e.g., Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012).

To the extent we can discern, Marn appears to challenge (1) his designation as a vexatious litigant, (2) the denial of his requests for authorization to file a complaint and other documents, (3) the denial of his request to reconsider

---

(. . . continued)

Calculate the Amount Due to McCully Associates; and (6) Appoint a Special Master, Filed December 21, 2022 [Dkt. 1810], Filed February 8, 2023 [Dkt. 1886], Filed February 16, 2023 [Dkt. 1894]" (**April 20, 2023 Order Denying Motion for Reconsideration of Order Denying Expedited Motions**); April 20, 2023 Final Judgment based on the April 20, 2023 Order Denying Motion for Reconsideration of Order Denying Expedited Motions entered pursuant to HRCP Rule 54(b); and June 23, 2023 "Order Denying Defendant Alexander Y. Marn, as Trustee of the Revocable Living Trust Agreement of Alexander Y. Marn and Alexander Y. Marn, an Individual's, Motion for Reconsideration Under HRCP Rule 59(e) of the" April 20, 2023 Order Denying Motion for Reconsideration of Order Denying Expedited Motions and "Final Judgment, Filed April 20, 2023 [Dkt. 1985], Filed May 1, 2023 [Dkt. 2005]" (**June 23, 2023 Order Denying Motion for Reconsideration of the April 20, 2023 Order Denying Motion for Reconsideration of Order Denying Expedited Motions**). (Formatting altered.) Judge Ashford entered the April 20, 2023 Final Judgment.

[2] In CAAP-24-0000481, Marn appeals from the circuit court's June 21, 2024 "Order Denying Alexander Y. Marn's Motion to (1) Dissolve and Vacate the Order Granting Liquidating Receiver's Motion to Declare Alexander Y. Marn a Vexatious Litigant, Filed June 7, 2012, Filed July 30, 2012 [Dkt. 3204]; and (2) Dissolve, Vacate, and/or Modify Related Orders," entered in 1CC001000MFL, which is the Marn Family Litigation Master File. The Honorable Shirley M. Kawamura entered this order.

sixty-four prior orders that awarded fees to the court-appointed Liquidating Receiver, and (4) decisions in prior appeals.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below and affirm.

**(1)** We first address Marn's argument in CAAP-24-0000481 that the circuit court erred in denying his motion to dissolve his vexatious litigant designation.

On May 17, 2024, Marn moved to dissolve his vexatious litigant designation based on Hawaiʻi Rules of Civil Procedure (**HRCP**) Rules 60(b)(4) and 60(b)(5), which the circuit court denied.

"[U]nder HRCP Rule 60(b)(4), an order is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law."  James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 162, 528 P.3d 222, 235 (2023) (internal quotation marks and citation omitted).  Marn, however, does not argue that the circuit court lacked subject matter jurisdiction or that he was denied due process.

Under HRCP Rule 60(b)(5), the court may relieve a party from an order if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is

4

based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]"  Marn does not directly address HRCP Rule 60(b)(5), and the continuing prohibition on filing frivolous lawsuits itself does not justify relief from a vexatious litigant order.  See Ek v. Boggs, 102 Hawaiʻi 289, 298, 75 P.3d 1180, 1189 (2003) (explaining that a prefiling order "does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs," and "[p]reventing the filing of a frivolous and vexatious document 'deprives a litigant of nothing at all, except perhaps the punishment of [HRCP Rule] 11 sanctions'" (some brackets and citations omitted)).

Marn also appears to challenge the merits of the original vexatious determination.  This is improper, because Marn did not appeal the 2012 order declaring him a vexatious litigant.

Thus, the circuit court did not err in denying Marn's motion to dissolve his vexatious litigant designation.

**(2)**  Turning to CAAP-23-0000389, Marn's appeal from orders entered in 1CC980005371, otherwise referred to as the Judicial Accounting Case, challenges the "Final Judgment Re: Request for Authorization to File Complaint for Declaratory

Relief Against the Liquidating Receiver."[3]  Marn appears to argue that the circuit court erred by denying his December 2022 requests for authorization to file a complaint and other documents.

As discussed above, Marn was designated a vexatious litigant in 2012.  Hawai'i Revised Statutes (**HRS**) § 634J-7(a) (1993) "prohibits a vexatious litigant from filing any new litigation in the courts of this State on the litigant's own behalf without first obtaining leave of the presiding judge." Subsection (b) states that "[t]he presiding judge shall permit the filing of litigation only if it appears, after hearing, that the litigation has merit and has not been filed for the purposes of harassment or delay."  HRS § 634J-7(b) (1993).

Marn requested authorization to file a complaint, essentially asserting that "funds in the Interest Account were improperly and illegally released to the Liquidating Receiver because the Original Holdback Escrow Agreement's and the Amended and Restated Holdback Escrow Agreement's definition of 'litigation' includes all litigation in the In Re Marn Family Litigation, and that litigation has not been completed." (Footnote omitted.)

---

[3]  Marn appears to refer to the circuit court's April 3, 2023 Final Judgment based on the April 3, 2023 Order Denying Request to File Complaint.

The circuit court found that Marn's proposed complaint sought to relitigate the funds released to the Liquidating Receiver:

> 3. After a review of the record, the Court cannot find that Mr. Marn's proposed complaint has not been filed for the purposes of harassment and delay and cannot find that the proposed complaint has merit.
>
> 4. The receivership was formed over twenty years ago.
>
> 5. Mr. Marn seeks to litigate the release of escrowed funds to the [Liquidating] Receiver. Such release was already approved by the court, Judge James Ashford presiding, and the funds are under court supervision.
>
> 6. Mr. Marn argues that it was error under the Amended and Restated Holdback Agreement between First American Title Co. and the [Liquidating] Receiver for escrowed funds to have been released to the [Liquidating] Receiver. However, Mr. Marn lacks standing to make such a claim and has not suffered damages.

The circuit court's findings are supported by the record. On November 29, 2022, the circuit court rejected Marn's "objection that the Liquidating Receiver and his attorneys should not be paid because they improperly attempted to obtain funds held in escrow by First American Title Company, Inc.," stating it did "not find anything improper in the effort by the Liquidating Receiver to obtain the release of escrowed funds."

In addition, Marn's prayer for relief in the proposed complaint sought to raise issues regarding the Liquidating Receiver's sale of McCully Shopping Center, which was affirmed in In re Marn Family Litigation, 136 Hawaiʻi 374, 362 P.3d 807, No. CAAP-12-0000574, 2015 WL 8547300 (App. Dec. 11, 2015) (SDO),

7

and Marn does not justify seeking to name defendants that do not appear to be involved in the alleged conduct.

Thus, the circuit court did not err by denying Marn's December 2022 requests for authorization to file a complaint and other documents.

**(3)** Next, Marn challenges the "Final Judgment Re: Fees Charged by the Liquidating Receiver for preparing and defending fee applications."[4] Marn appears to argue that the circuit court erred by denying his request to reconsider sixty-four prior orders, entered between 2003 and 2022, that awarded fees to the court-appointed Liquidating Receiver.

Marn objected to the Liquidating Receiver's request for attorneys' fees to prepare and defend its sixty-sixth fee application.

Although the circuit court denied the attorneys' fees for work on the sixty-sixth fee application, the circuit court found that "this is the first time Mr. Marn has raised the defense of fees issue" and concluded that any challenge to the previous fees were waived:

> 4. The Court makes makes [sic] its ruling only with respect to the 66th Application and rejects Mr. Marn's request to review prior fee and cost applications. Mr. Marn raised for the first time in opposition to the 66th Application his objection to compensating the [Liquidating] Receiver's attorneys for fees on fees based on the Otaka cases. The Court does not want to go back and review 64 fee applications. If the defense of fees issue has not arisen before, the argument has been waived.

---

[4] Marn appears to refer to the circuit court's April 20, 2023 Final Judgment based on the April 20, 2023 Order Denying Motion for Reconsideration of Order Denying Expedited Motions entered pursuant to HRCP Rule 54(b).

Ultimately, the circuit court disallowed a portion of the attorney fees billed "to prepare and defend the portion of the 65th and 66th fee applications seeking recovery of attorneys' fees . . . ."  Marn moved for reconsideration of the sixty-four prior fee orders.

Marn, however, fails to identify where in the record he timely objected to any of the prior sixty-four fee applications.  See Lanai Co. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004) ("This court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions."); Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008) ("Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.") (citation omitted)).

Without identifying where in the record he timely objected, we cannot say the circuit court erred by determining Marn waived any challenge to the sixty-four prior fee orders.

**(4)**  Finally, Marn challenges the "Final Judgment Re: Entire Case."[5]

---

[5]  Marn appears to refer to the circuit court's April 5, 2023 Final Judgment entered pursuant to HRCP Rule 54(b) regarding the April 5, 2023 Order Approving Final Report.

Marn, however, appears to advance various arguments that were addressed in prior appeals. Marn asserts the circuit court "erred in dissolving Ala Wai Investment, Inc. and McCully Associates"; "erred when it ordered the Judicial Accounting trial to be held before the Buyout trial"; and "erred in granting Plaintiffs' request for a liquidating receiver and a judicial accounting which resulted in Marn and Eric Marn being unfairly deprived of their companies [Ala Wai Investment, Inc.] and McCully Associates and millions of dollars in distributions." We disregard these assertions as they pertain to matters addressed in prior appeals.

Marn also asserts that "[t]he jury's decision in the Buyout Case affects the distributions in the Judicial Accounting Case" and makes various assertions related to the role of the Liquidating Receiver. Marn, however, provides no legal authority and provides no discernible argument. HRAP Rule 28(b)(7) (providing that the argument must contain "the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on").

And Marn asserts that "[t]he holding in Lee v. Aiu[6] applies to the consolidated Buyout Case and the Judicial Accounting Case because they are part of the 'same case[]'" and

---

[6] Marn appears to cite Lee v. Aiu, 85 Hawaiʻi 19, 936 P.2d 655 (1997) but provides no citation.

"[t]he distributions should be reversed or adjusted based on the subsequent Jury Verdict in the Buyout trial."  But Marn provides no argument at all.  HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

Based on the foregoing, we affirm the circuit court's final judgments entered on April 3, 2023, April 5, 2023, and April 20, 2023, and related orders in CAAP-23-0000389.  We also affirm the June 21, 2024 order denying Marn's motion to dissolve his vexatious litigant designation in CAAP-24-0000481.

DATED:  Honolulu, Hawaiʻi, March 17, 2026.

On the briefs:

Alexander Y. Marn,
Self-represented Defendant-
Appellant.

Lyle M. Ishida,
(Tom Petrus & Miller),
for Plaintiff-Appellee
James Y. Marn, Jr.,
Individually and as Trustee
of the James Marn, Jr. Family
Partnership Trust.

Steven Guttman,
(Kessner Umebayashi Bain &
Matsunaga),
for Plaintiff-Appellee
James K.M. Dunn, as
Successor Trustee of the
Annabelle Y. Dunn Trust,
Dated June 18, 1991.

Louise K.Y. Ing,
Laura P. Moritz,
(Dentons),
for Liquidating Receiver-
Appellee S. Steven Sofos.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge